# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

**STATIC MEDIA LLC,**

    Plaintiff,                                               Case No. 0:19-cv-60270

v.

**OJCOMMERCE, LLC,**

    Defendant.

_____/

## COMPLAINT

Plaintiff Static Media LLC ("Static Media") files this Complaint against Defendant OJCommerce, LLC ("OJCommerce"), and alleges:

## NATURE OF THE ACTION

1. This lawsuit arises from OJCommerce's infringement under 35 U.S.C. § 271 of United States Patent No. D771,400, entitled "STADIUM SEAT" issued on November 15, 2016 (the "'D400 Patent"). The 'D400 Patent discloses an ornamental design for a stadium seat shown in the accompanying figures of that patent. OJCommerce distributes, sells, offers for sale, markets and advertises stadium seats which infringe the ornamental design and features claimed in the 'D400 Patent.

## PARTIES, JURISDICTION AND VENUE

2. Static Media is a Georgia limited liability corporation with its principal place of business located at 885 Woodstock Road, Suite 430-383, Roswell, Georgia, 30075.

3. OJCommerce is a Florida limited liability company with its principal place of business located at 11651 Interchange Circle South, Miramar, Florida 33025. OJCommerce may

1

be served with process by serving its Registered Agent, Jacob Weiss, 11651 Interchange Circle South, Miramar, FL 33025.

4. OJCommerce owns, operates and maintains a website at www.ojcommerce.com.

5. This Court has subject-matter jurisdiction in this action under 28 U.S.C. §§ 1331 and 1338(a) because this action is for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et. seq*.

6. This Court has personal jurisdiction over OJCommerce because OJCommerce is a Florida limited liability company with and its principal place of business in this District and pursuant to Florida Statutes § 48.193 because it (i) operates, conducts, engages in or carries on a business or business venture in this state and/or has an office or agency in this state; (ii) committed a tortious act within this state; and (iii) is engaged in substantial and not isolated activity within this state.

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**PATENT IN SUIT**

8. The 'D400 Patent was duly and validly issued to the inventor and applicant Anthony Joseph DoVale ("Mr. DoVale") on November 15, 2016. A true and correct copy of the 'D400 Patent is attached hereto as Exhibit 1.

9. Static Media owns all right, title and interest in the 'D400 Patent pursuant to the terms of an assignment from Mr. DoVale to Static Media dated September 10, 2017.

10. Static Media distributes, sells, offers for sale, markets and advertises certain stadium seats covered by the 'D400 Patent.

## OJCOMMERCE'S INFRINGEMENT OF THE 'D400 PATENT

11. OJCommerce distributes, sells, offers for sale, markets and advertises certain stadium seats which infringe the ornamental design and features claimed in the 'D400 Patent, including OJCommerce's Naomi Home Bench Riders Stadium Folding Seat[1] and its Grandstand Comfort Seats by Flash with Ultra-Padded Seat[2] (collectively, the "Accused Products") in the United States. OJCommerce sells the Accused Produces on its own website and on other third-party seller websites, including, but not limited to, Amazon,[3] Walmart,[4] and eBay.[5]

12. To the eye of an ordinary observer, the ornamental designs and features of each of the Accused Products are substantially the same as those claimed in the 'D400 Patent as a whole.

13. OJCommerce has applied the patented design claimed in the 'D400 Patent, or a colorable imitation thereof, to the articles of manufacture constituting the Accused Products for the purpose of sale, and OJCommerce has sold and exposed for sale each of the Accused Products.

14. OJCommerce has never been granted any authorization, assignment or license from Static Media related to the 'D400 Patent, and OJCommerce's distribution, sale, offer for sale,

---

[1] https://www.ojcommerce.com/naomi-home-bench-riders-stadium-folding-seat-58011B (last visited Jan. 29, 2019);
[2] https://www.ojcommerce.com/flash-furniture-grandstand-comfort-seats-by-flash-ultra-padded-seat-in-navy-blue-xu-sta-navy-gg (last visited Jan 29, 2019); https://www.ojcommerce.com/search?k=Grandstand%20Comfort%20Seats%20by%20Flash%20with%20Ultra-Padded%20Seat (last visited Jan. 29, 2019).
[3] https://www.amazon.com/Flash-Furniture-Grandstand-Comfort-Ultra-Padded/dp/B01DF0467O (last visited Jan. 29, 2019).
[4] https://www.walmart.com/ip/Naomi-Home-Bench-Riders-Stadium-Folding-Seat-Color-Red-Size-Standard/340379341 (last visited Jan. 29, 2019).
[5] https://www.ebay.com/itm/Naomi-Home-Bench-Riders-Stadium-Folding-Seat-Purple-Grande-/132878222527 (last visited Jan. 29, 2019); https://www.ebay.com/p/Flash-Furniture-Grandstand-Comfort-Seats-by-With-Ultra-padded-Seat-in-Black/1363818275 (last visited Jan. 29, 2019).

marketing and advertisement of the Accused Products has been conducted without Static Media's permission or authorization.

15.     On October 9, 2018, Static Media first notified OJCommerce of its infringement of the 'D400 Patent. A true and correct copy of Static Media's October 9, 2018 written correspondence to OJCommerce is attached hereto as Exhibit 2.

16.     Despite its prior knowledge of the 'D400 Patent and the Accused Products, including as set forth in the October 9, 2018 correspondence from Static Media, OJCommerce has continued to infringe the 'D400 Patent through its distribution, sale, offer for sale, marketing and advertisement of the Accused Products.

17.     As of the date of this Complaint, OJCommerce continues to infringe the 'D400 Patent through its distribution, sale, offer for sale, marketing and advertisement of the Accused Products.

## COUNT I – INFRINGEMENT OF THE 'D400 PATENT

18.     Static Media incorporates by reference, as if fully restated herein, the allegations contained in paragraphs 1 through 17 above.

19.     OJCommerce has infringed and continues to infringe the ornamental design and features claimed in the 'D400 Patent by distributing, selling, offering for sale, marketing and advertising the Accused Products in violation of 35 U.S.C. § 271.

20.     OJCommerce has profited and continues to profit from its infringement of the 'D400 Patent.

21.     Static Media has suffered and continues to suffer monetary damages as a direct and proximate result of OJCommerce's infringement of the 'D400 Patent.

22. Static Media has suffered and continues to suffer irreparable harm from OJCommerce's infringement of the 'D400 Patent for which it lacks an adequate remedy at law, and Static Media is entitled to permanent injunctive relief enjoining OJCommerce's infringing conduct.

23. OJCommerce's infringement of the 'D400 Patent has been and continues to be willful, deliberate and intentional.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment in Static Media's favor on all of its claims against OJCommerce;

b. A judgment that the 'D400 Patent remains valid and enforceable;

c. A judgment that OJCommerce has infringed the ornamental design and features claimed in the 'D400 Patent;

d. An order and judgment permanently enjoining OJCommerce and its officers, directors, agents, servants, employees, licensees, parents, subsidiaries, affiliates, successors, assigns and all others acting in concert with them from further infringement of the 'D400 Patent;

e. An award to Static Media of actual and compensatory damages in an amount sufficient to compensate Static Media for OJCommerce's infringement of the 'D400 Patent, but in no event less than OJCommerce's profit from such infringement and/or a reasonable royalty for OJCommerce's infringement of the 'D400 Patent;

f. A judgment that OJCommerce's willful and intentional infringement of the 'D400 Patent renders this an exceptional case under 35 U.S.C. § 285;

g. An award to Static Media of treble damages for OJCommerce's willful and intentional infringement of the 'D400 Patent;

      h.      An award to Static Media of the reasonable attorneys' fees and costs incurred by it in this matter;

      i.      Pre-judgment and post-judgment interest; and

      j.      Such other relief to Plaintiff as the Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Fed. R. Civ. P. 38(b), Static Media hereby demands a jury trial on all issues so triable raised in this action.

Dated:  January 30, 2019

                By:    s/Susan V. Warner

                    Susan V. Warner
                    Florida Bar No. 38205
                    susan.warner@fisherbroyles.com
                    FISHERBROYLES, LLP
                    1221 Brickell Avenue
                    Suite 900
                    Miami, FL 33131
                    Tel: (904) 293-0725

                    *Attorneys for Plaintiff Static Media LLC*