UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

STATIC MEDIA LLC,          Case No.: 0:19-cv-60270-RKA
    Plaintiff

vs.

OJ COMMERCE, LLC,
    Defendant
_____ /

**DEFENDANT OJ COMMERCE, LLC'S MOTION TO QUASH SERVICE OF PROCESS**

Defendant OJ COMMERCE, LLC ("Defendant"), respectfully moves this Honorable Court, to quash service of process, and to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(5), and in support thereof avers the following:

**FACTUAL BACKGROUND**

1. On January 30, 2019, Plaintiff STATIC MEDIA LLC ("Plaintiff") initiated this proceedings, by filing a complaint against Defendant, a limited liability company, [ECF 1], and amended it on February 14, 2019. [ECF 6].

2. On March 4, 2019, this Court issued an order generating an April 30, 2019 service deadline, and ordered this case be dismissed if Plaintiff fails to comply with that deadline. [ECF 10].

3. On April 30, 2019, Plaintiff filed a process server affidavit attesting the following:

> CORPORATE SERVICE was executed by serving … [JEFFREY ALMONTE, SUPERVISOR], or any employee of Defendant's Corporation in the absence of any superior as defined in the Florida Statute 48.081(3)(a)(b) when Defendant's Corporation does not keep a registered agent present as required by Florida Statute Section 48.091. [ECF 12].

4. The registered agent for Defendant is an individual by the name of Jacob Weiss.

A copy of Defendant's last annual filing with Sunbiz.com reflecting the registered agent, is hereby attached as Exhibit A.

5. Jeffrey Almonte is not an employee of the registered agent Jacob Weiss. [Weiss Aff. ¶ ¶ 2-3]. A copy of Jacob Weiss's affidavit is hereby attached as Exhibit B.

## MEMORANDUM OF LAW

Plaintiff's service must be quashed, pursuant to Fed. R. Civ. P. 12(b)(5), because of insufficient service of process service. Fed. R. Civ. P. 4(h) provides for service of process upon a corporation, by following the procedure in Fed. R. Civ. P. 4(e)(1), that allows for service of process based on State law in the district where the court is located, or service is made. Service on a limited liability company, under Florida law, must be carried out under § 48.062, Fla. Stat., and strict compliance with the statue is required. *Florio v. Success Agency LLC*, 17-80557-CV, 2017 WL 8897130, at *3 (S.D. Fla. Oct. 30, 2017)(citing *Mead v. HS76 Milton, LLC*, 102 So. 3d 682, 683 (Fla. 1st DCA 2012)).

Pursuant to § 48.062, Fla. Stat. service on a limited liability corporation must be perfected upon a registered agent or the registered agent's employee § 48.062(1), Fla. Stat. When a company fails to have a valid registered agent, or its registered agent cannot be served with reasonable diligence, service may be perfected on the member, manager, or designated employee. § 48.062(2), Fla. Stat.

Here, a lookup at sunbiz.com shows the registered agent for Defendant is an individual by the name of Jacob Weiss [Ex. A], furthermore testimony by Jacob Weiss affirms that he is the registered agent of Defendant. [Weiss Aff. ¶]. Therefore the process server's affidavit attesting that he served "Jeffrey Almonte, Supervisor" on its face fails to comply with §

48.062(1), Fla. Stat.

"[F]or a plaintiff to be permitted to attempt service under § 48.062(2), the plaintiff must demonstrate either that: (1) the LLC failed to comply with chapter 605; (2) the LLC does not have a registered agent; or (3) that the plaintiff exercised 'reasonable diligence' in attempting to serve the LLC's registered agent and failed." *Florio*, WL 8897130, at *4. "A plaintiff can demonstrate that it undertook reasonable diligence in locating addresses at which to serve a registered agent of an LLC by describing its efforts in a sworn statement or return of service affidavit." *Id.* (citing *Green Emerald Homes, LLC v. Bank of New York Mellon*, 204 So. 3d 512, 516 (Fla. 4th DCA 2016) (no reasonable diligence when sworn statement was "deafeningly silent" on any search)).

Here, the process server affidavit is completely devoid of any facts to support a basis of an allegation that Defendant failed to comply with the requirements of § 605, Fla. Stat. in registering its agent, and the process server affidavit is also completely devoid of any search to support a reasonable diligence to permit service pursuant to § 48.062(2). Therefore, service of process was improper.

Lastly, this case should be dismissed in its entirety, because Plaintiff failed to perfect service within 90 days as required by Fed. R. Civ. P. 4(m), and in such an instance dismissal is proper. *Florio*, WL 8897130, at *7 (case was dismissed after the court quashed service on a limited liability company for failing to comply with § 48.062, and violation of Fed. R. Civ. P. 4(m)). Furthermore, here, there is already an order issued by this Court that failure to properly serve by April 30, 2019 shall result in dismissal. [ECF 12]. Therefore, Plaintiff's complaint should be dismissed.

WHEREFORE, Defendant respectfully requests this Court quash service of process, for failure to strictly comply with § 48.062, Fla. Stat. and dismiss this action for failure to comply with Fed. R. Civ. P. 4(m), and failure to comply with the standing order of this Court.

### CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues by offering Plaintiff to perfect service by mail, but Plaintiff refused, and as a result has been unable to resolve the issues.

### CERTIFICATE OF SERVICE

I certify that this notice was served via the Florida Court E-Filing Portal on May 13, 2019 upon all counsel of record.

Respectfully submitted,

Shlomo Y. Hecht, P.A.
11651 Interchange Cir S
Miramar, FL 33025
Phone: 954-861-0025

By: /s/ Shlomo Y Hecht
Florida State Bar No.: 127144
Email: sam@hechtlawpa.com
Attorney for Defendant OJ COMMERCE, LLC