UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

STATIC MEDIA LLC,             Case No.: 0:19-cv-60270-RKA
    Plaintiff
vs.

OJ COMMERCE, LLC,
    Defendant
_____  /

**DEFENDANT OJ COMMERCE, LLC'S REPLY IN SUPPORT OF ITS MOTION TO QUASH SERVICE OF PROCESS**

Defendant OJ COMMERCE, LLC ("Defendant"), hereby replies to Plaintiff's Response in Opposition to Defendant's Motion to Quash Service of Process, [ECF 15], and in further support of its Motion to Quash Service of Process ("Motion") [ECF 14].

**PRELIMINARY STATEMENT**

This Court must find as a matter of law, that Plaintiff failed to establish prima facie evidence of proper service, failed to comply with the Federal rules of civil procedure, failed to comply with Florida law, and failed to comply with this Court's order, and therefore service of process should be quashed.  Furthermore, this Court must find that Plaintiff failed to show good cause for its delay, and untimely motion for extension of time, and therefore this action should be dismissed.

**I.**     **Plaintiff failed to establish prima facie evidence of service.**

The law is well established, that "[u]pon a challenge to the sufficiency of service, the burden falls on the plaintiff to prove that service was proper," *Intra-Lock Int'l, Inc. v. Choukroun*, 14-CV-80930, 2014 WL 12479195, at *3 (S.D. Fla. Dec. 4, 2014), "by a preponderance of the evidence." *Melchor-Garcia v. Dong Ying Corp.*, 2012 WL 6553986, at *1

(S.D. Fla. Dec. 14, 2012). "A signed return of service is prima facie evidence of proper service" *Hollander v. Wolf*, 09-80587-CIV, 2009 WL 3336012, at *3 (S.D. Fla. Oct. 14, 2009).

The only document submitted to this Court by Plaintiff to support a prima facie evidence of service, is the process server return of service affidavit, signed by Joe Maker [ECF 15-3] ("Service Affidavit"). The Service Affidavit is facially defective on its face, and fails to support a prima facie case that service was perfected upon Defendant. The Service Affidavit admits that it only "ATTEMPTED TO SERVICE JACOB WEISS WHO WAS NOT PRESENT," the affidavit does not specify any efforts undertaken to locate JACOB WEISS, nor does it even indicate that it performed any reasonable diligence in searching or locating Defendant's registered agent, instead the process server served JEFFREY ALMONTE because he "STATED HE WORKED FOR OJCOMMERCE, LLC AND WAS A MANAGER/SUPERVISOR OF THE COMPANY," and as a result concludes as a matter of law that "JEFFREY ALMONTE WAS SERVED PER FS48.062."

§ 48.062, Fla. Stat. is clear and unambiguous that process of service on a limited liability company must be perfected on its registered agent, and only if the registered agent is non-compliant, or the registered agent cannot be served with reasonable diligence, may a manager of the corporation be served. This statute must be strictly construed. *Mead v. HS76 Milton, LLC*, 102 So. 3d 682, 683 (Fla. 1st DC A 2012). "A registered agent's temporary absence [...] does not indicate that Defendant was not in compliance." *Florio v. Success Agency LLC*, 17-80557-CV, 2017 WL 8897130, at *5 (S.D. Fla. Oct. 30, 2017), a sworn affidavit cannot make a bare assertion of diligence, but must specify the particular steps taken. *Id.* (citing *Green Emerald Homes, LLC v. Bank of New York Mellon*, 204 So. 3d 512, 516-17 (Fla. 4th DCA 2016)

(finding no reasonable diligence when sworn statement was "deafeningly silent" on any search, including public records search, for other addresses to serve LLC agent and manager); *Atmos Nation, LLC v. Pana Depot, Inc.*, No. 14-cv-62620, 2016 WL 4549684, at *4 (S.D. Fla. Sept. 1, 2016) (finding affidavit's bare assertion that it conducted a "reasonable investigation" to find alternate address insufficient for reasonable diligence). Lastly this Court found that failure to serve a company's registered agent, and failure to "comply with the requirements of Rules 4(e)(1) and (h)(1)(a)." are proper grounds to "Quash Service of Process and Dismiss Complaint." *Rodriguez v. Am. Home Mortgage Servicing, Inc.*, 17-CV-60574, 2017 WL 5643316, at *1 (S.D. Fla. July 10, 2017).

## II. Plaintiff's email exhibits should be disregarded

Plaintiff realising that the process server failed to comply with Florida law, attempts an alternate theory of service, namely that Defendant had "actual notice," and therefore strict compliance with Florida law is not necessary. In support of its assertion, Plaintiff attached a series of email communications as exhibits, followed by a narrative that prior settlement negotiations somehow constitute substitute service. This Court may not rely on these exhibits to draw any factual conclusion, because its introduction does not comply with the legal standard for a motion to quash.

This Court has established a specific legal process to follow, when service is contested. "Once a defendant challenges service of process, plaintiff has the burden to demonstrate sufficient service of process by making a prima facie case of proper service." *Hollander v. Wolf*, 09-80587-CIV, 2009 WL 3336012, at *3 (S.D. Fla. Oct. 14, 2009).  When issues of facts are in dispute "[t]he court may look to *affidavits, depositions, and oral testimony* to resolve disputed

questions of fact. When a defendant supports his or her motion to quash to with *affidavits*, the plaintiff is permitted to submit *counter-affidavits, depositions, or oral testimony*." *Id.* (emphasis added).

Here, Defendant challenged service by attaching an affidavit of Jacob Weis, affirming that Plaintiff's server failed to comply with Florida law. [ECF 14-2]. Any attempt by Plaintiff to counter that, or to establish new issues of fact, short of "*counter-affidavits, depositions, or oral testimony*" is insufficient, and cannot be introduced for any purpose at a motion to quash. The email communication exhibits are neither affidavits, nor depositions, nor oral testimony, and therefore cannot be introduced to support any of Plaintiff's factual assertions.

**III.   Plaintiff failed to show good cause for non-compliance**

When a plaintiff fails to comply with Fed. R. Civ. P. 4(m), by perfecting service within 90 days, "the court must either dismiss the action without prejudice, or, upon finding good cause, extend the time for service." *Florio*, 2017 WL 8897130, at *7. "Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll County Com'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (internal quotation omitted).

Here, Plaintiff failed to comply with Fed. R. Civ. P. 4(m), and failed to comply with this Court's order to serve by April 30, 2019, [ECF 12]. Therefore this Court must dismiss this action without prejudice. Plaintiff's opposition is entirely devoid of any good cause for its untimely service, Plaintiff is blaming the process server, Mr. Alamonte, and opposing counsel, and pretty much everyone but itself, [ECF 15 at 11-12]. Additionally, Plaintiff's plethora of excuses, coupled with its untimely filing for an extension of time, constitute negligence at best,

and is a far cry from supporting the good cause requirement established in *Lepone-Dempsey*.

## CONCLUSION

WHEREFORE, Defendant respectfully requests this Court quash service of process, and dismiss this complaint.

## CERTIFICATE OF SERVICE

I certify that this notice was served via the Florida Court E-Filing Portal on June 4, 2019 upon all counsel of record.

Respectfully submitted,

> Shlomo Y. Hecht, P.A.
> 11651 Interchange Cir S
> Miramar, FL 33025
> Phone: 954-861-0025
>
> By: /s/ Shlomo Y Hecht
> Florida State Bar No.: 127144
> Email: sam@hechtlawpa.com
> Attorney for Defendant OJ COMMERCE, LLC