IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

STATIC MEDIA LLC,

               Plaintiff,                                 Case No.: 18-CV-330

      v.

LEADER ACCESSORIES LLC,

               Defendant.

---

## PLAINTIFF STATIC MEDIA LLC'S MOTION FOR SANCTIONS AGAINST DEFENDANT LEADER ACCESSORIES, LLC

---

Plaintiff Static Media LLC ("Static Media") files its Motion for Sanctions Against Defendant Leader Accessories, LLC and, in support, shows the Court as follows:

## INTRODUCTION

Static Media recently learned that Defendant Leader Accessories, LLC ("Leader") disclosed certain deposition transcripts and exhibits from this case, which had been designated by Static Media as containing confidential and highly-confidential information pursuant to the protective order entered in this case, to counsel for another defendant in another lawsuit involving Static Media pending in a federal district court in Florida. Leader is not a party to that lawsuit. Static Media was made aware of Leader's unauthorized disclosure of this confidential and highly-confidential information by the defendant's counsel in that case, who has used that information to assert defenses related to Static Media's calculation of damages and the reasonable royalty owed to Static Media in that other pending case. Leader's disclosure of Static Media's confidential and highly-confidential information constitutes a willful and bad faith violation of the protective order in this case, which expressly prohibits the disclosure of such information to third parties or the use of such information for purposes other than in this litigation. Accordingly, Static Media respectfully requests that the Court impose appropriate sanctions on Leader and its counsel

1

pursuant to Fed. R. Civ. P. 37 and the Court's inherent power to sanction bad faith litigation misconduct.

## FACTUAL AND PROCEDURAL BACKGROUND

### I.    The Court Enters The Protective Order In This Case.

On September 14, 2018, Static Media and Leader filed their Joint Motion for Stipulated Protective Order [Doc. 13], in which they requested that the Court enter the proposed Stipulated Protective Order (the "Protective Order") allowing them to designate certain documents and information produced in this case as Confidential or Highly Confidential – Trial Counsels' Eyes Only information. *See* Declaration of Vincent Bushnell, Esq. ("Bushnell Decl.") Exhibit A [Dkt. 13-1]. The Court entered the Protective Order on the same day. *See* Bushnell Decl. Exhibit B [Dkt. 14].

Pursuant to paragraphs 2 and 8 of the Protective Order, Static Media's counsel designated certain testimony and exhibits in the following deposition transcripts as either Confidential or Highly Confidential – Trial Counsels' Eyes Only: the Deposition of Gary M. Glazer dated January 24, 2019 ("Glazer Deposition") and the Deposition of Anthony DoVale, Jr. dated January 24, 2019 ("DoVale Deposition"). Both the Glazer Deposition and DoVale Deposition transcripts were filed under seal in this case. [*See* Doc. 21, 22.] Those deposition transcripts remain under seal as of the filing of this Motion.

The transcripts for the Glazer Deposition and DoVale Deposition are marked as Confidential on each of their cover pages and on each page of testimony. [*Id.*] Moreover, Static Media's counsel made specific designations of Confidential and Highly Confidential – Trial Counsels' Eyes Only testimony and exhibits in each transcript in accordance with paragraph 8 of the Protective Order, including testimony related to the Licensing and Royalty Agreement between

Static Media and Belnick, Inc. dated November 11, 2015 (the "Licensing Agreement") and Static Media's sales and revenue information. [*Id.*]

Static Media agreed to remove any confidentiality designations for a handful of pages from the Glazer Deposition and DoVale Deposition transcripts in connection with Leader's Motion for Summary Judgment of Invalidity, or in the Alternative, Non-Infringement. However, Static Media has never agreed to remove or de-designate any other Confidential or Highly Confidential – Trial Counsels' Eyes Only designations made by Static Media in those deposition transcripts. [*See* Doc. 28-30; Bushnell Decl. ¶ 3.] Nor has Leader ever requested that Static Media change the designation of any information or document in either the Glazer Deposition or DoVale Deposition pursuant to paragraph 12 of the Protective Order. (Bushnell Decl., ¶ 4.)

Under paragraph 3 of the Protective Order, all confidential information designated under the Protective Order "shall be used solely for the purpose of this action and no person receiving such information or documents shall, directly or indirectly, transfer, disclose or communicate in any way the information or the contents of the documents to any person other than those specified in paragraph 4." [*See* Bushnell Decl. Exhibit A.] Paragraphs 4 and 5 of the Protective Order specify who may access Confidential and Highly Confidential – Trial Counsels' Eyes Only information, respectively. [*Id.*] Paragraph 16 of the Protective Order states that it "shall remain in effect after the final action, unless otherwise ordered by the Court, and the Court shall retain jurisdiction over the parties for enforcement of the provisions." [*Id.*]

## II.    Static Media Learns That Leader Has Disclosed The Glazer Deposition and DoVale Deposition Transcripts In Violation Of The Protective Order.

On January 30, 2019, Static Media filed its Complaint asserting claims of patent infringement against OJCommerce, LLC ("OJCommerce") in the case styled as *Static Media LLC v. OJCommerce, LLC*, Case No. 0:19-cv-60270, U.S.D.C. for the Southern District of Florida (the

"Florida Action"), through Static Media's lead counsel in that case, Susan V. Warner.[1]  On October 8, 2019, OJCommerce filed its Answer and Affirmative Defenses to Plaintiff's Amended Complaint in the Florida Action through its lead counsel in that case, Shlomo Y. Hecht.

On September 26, 2019, Ms. Warner placed a call to Mr. Hecht, at approximately 4:57 p.m. (Declaration of Susan V. Warner, Esq ("Warner Decl."), ¶ 5.)  Ms. Warner was returning Mr. Hecht's call from earlier in the afternoon. (*Id*.)  The parties had been in engaged in settlement discussions and the purpose of the call was to continue those discussions. (*Id*.)  The call lasted for approximately 10 minutes. (*Id*.)

In the course of the telephone call, Mr. Hecht informed Ms. Warner that OJCommerce had entered into a joint defense agreement with Leader, and that Leader had disclosed to OJCommerce all of the discovery materials, including the Glazer Deposition and DoVale Deposition transcripts and exhibits, from this case. (*Id*. at ¶ 6.)  Mr. Hecht specifically mentioned being in possession of the Licensing and Royalty Agreement between Static Media and Belnick, Inc. dated November 11, 2015 (the "Licensing Agreement"), and that he had knowledge of the specific terms of the Licensing Agreement, including terms related to the royalty paid to Static Media under that agreement. (*Id*. at ¶ 7.)

Static Media has not produced the Licensing Agreement or any other documents from this case in the Florida Action. (*Id*. at ¶ 9.)  Nor has Static Media disclosed its sales or revenue information to OJCommerce in the Florida Action. (*Id*. at ¶ 10.)  Moreover, Static Media has never agreed to allow Leader to disclose any information or documents designated as Confidential or Highly Confidential – Trial Counsels' Eyes Only by Static Media to any third party, including

---

[1] The Court may take judicial notice of the pleadings in the Florida Action. *See* Fed. R. Evid. 201(b); Fed. R. Evid. 803(8); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081–82 (7th Cir. 1997).

OJCommerce.  (Bushnell Decl., ¶ 5.)  Like Leader, OJCommerce sells stadium chairs that compete with those sold by Static Media.  (*Id*. at ¶ 6.)

## ARGUMENT AND CITATION TO AUTHORITY

### I.  Standard of Review.

 In this Court, a "protective order is not a paper tiger."  *Frazier v. Layne Christensen Co*., 2005 U.S. Dist. LEXIS 2358 at *12 (W.D. Wis. Feb. 11, 2005) (J. Crocker).  Rather, this Court enforces its protective orders through sanctions imposed pursuant to Fed. R. Civ. P. 37 ("Rule 37"), which include "treating as contempt of court the failure to obey" a protective order.  *See* Rule 37(b)(2)(A)(vii); *GQ Sand, LLC v. Range Mgmt. Sys*., LLC, 278 F. Supp. 3d 1115, 1125 (W.D. Wis. 2017) (J. Conley) (holding the defendants' attorneys in civil contempt for violating protective order by using confidential materials for a purpose unrelated to lawsuit); *Frazier*, 2005 U.S. Dist. LEXIS 2358 at *12.

 In addition, a "district court has inherent power 'to fashion an appropriate sanction for conduct which abuses the judicial process.'"  *Salmeron v. Enter. Recovery Sys*., 57 F.3d 787, 793 (7th Cir. 2009) (quoting *Chambers v. NASCO, Inc*., 501 U.S. 32, 44-45 (1991)).  "Sanctions meted out pursuant to the court's inherent power are appropriate where the offender has willfully abused the judicial process or otherwise conducted litigation in bad faith."  *Id*. (citing *Maynard v. Nygren*, 332 F.3d 462, 470-71 (7th Cir. 2003)).

 "A district court certainly can consider the extent of the prejudice to the opposing party when determining an appropriate sanction.  But a district court's inherent power to sanction for violations of the judicial process is permissibly exercised not merely to remedy prejudice to a party, but also to reprimand the offender and 'to deter future parties from trampling upon the integrity of the court.'"  *Salmeron*, 57 F.3d at 797 (quoting *Dotson v. Bravo*, 321 F.3d 663, 668

(7th Cir. 2003)).  Accordingly, sanctions "must be sufficient to constitute actual punishment and must serve as a specific and general deterrent to future violations in this case and others." *Frazier*, 2005 U.S. Dist. LEXIS 2358 at *12.  "The Supreme Court has stated that 'Rule 37 sanctions must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Encap, LLC v. Scotts Co., LLC*, 2014 U.S. Dist. LEXIS 160156 at *9 (E.D. Wis. Nov. 14, 2014) (quoting *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 763-64 (1980)).

Sanctions for violation of a protective order may include monetary fines under Rule 37(b)(2) as well an award of attorneys' fees and costs under Rule 37(b)(C).  *See, e.g.*, *Frazier*, 2005 U.S. Dist. LEXIS 2358 at *3, 12 (sanctioning plaintiffs and their attorneys for each violation of protective order because "plaintiffs' attorneys' sloppy handling of this matter merits its own sanction."); *Encap, LLC*, 2014 U.S. Dist. LEXIS 160156 at *10 (sanctioning plaintiff's counsel for violating protective order with an award of attorneys' fees and costs and accounting); *see also* Rule 37(b)(2)(A)(vii) and (C).

## II.     Leader And Its Counsel Should Be Sanctioned For Their Violations Of The Protective Order.

As admitted by OJCommerce's counsel in the Florida Action, Leader's counsel in this case willfully and intentionally disclosed information designated by Static Media as Confidential and Highly-Confidential– Trial Counsels' Eyes Only under the Protective Order to OJCommerce, including all of the testimony and exhibits of the Glazer Deposition and DoVale Deposition. (Warner Dec., ¶¶ 6-7.)  Moreover, OJCommerce has used information contained in the Glazer Deposition and DoVale Deposition against Static Media in the Florida Action, including in asserting defenses related to the calculation of Static Media's damages and the reasonable royalty owed to Static Media under the terms of its Licensing Agreement.  (*Id.*)

6

Both the Glazer Deposition and DoVale Deposition transcripts and exhibits contain information regarding Static Media's specific sales, revenues and customers as well as the License Agreement related to Static Media's own stadium seat. [*See* Doc. 21, 22.] Such testimony and exhibits were expressly designated as Confidential or Highly Confidential – Trial Counsels' Eyes Only by Static Media's counsel during those depositions pursuant to paragraphs 2 and 8 of the Protective Order. [*Id.*] Each of those transcripts further are designated as Confidential on their cover pages and on each page of testimony. [*Id.*] The exhibits to those depositions also were separately designated as Confidential or Highly Confidential – Trial Counsels' Eyes Only, where appropriate. [*Id.*] Moreover, the Glazer Deposition and DoVale Deposition were both filed under seal in this case, and they remain under seal as of the filing of this Motion. [*Id.*] Accordingly, the Glazer Deposition and DoVale Deposition plainly and undeniably contain information protected from disclosure under the terms of the Protective Order and the sealing procedures of this Court.

Under paragraph 3 of the Protective Order, all confidential information designated under the Protective Order "shall be used solely for the purpose of this action and no person receiving such information or documents shall, directly or indirectly, transfer, disclose or communicate in any way the information or the contents of the documents to any person other than those specified in paragraph 4." [*See* Bushnell Decl. Exhibit A.] Paragraphs 4 and 5 of the Protective Order specify who may access Confidential and Highly Confidential – Trial Counsels' Eyes Only information, respectively. [*Id.*] Importantly, none of these provisions of the Protective Order allow Leader or its counsel to disclose information designated by Static Media as Confidential or Highly Confidential – Trial Counsels' Eyes Only to a third-party for use in another lawsuit against Static Media or otherwise. [*Id.*] By disclosing the Glazer Deposition and DoVale Deposition to

OJCommerce for use in the Florida Action, Defendant and its counsel thus have violated the terms of the Protective Order.

Tellingly, Static Media learned of Leader's disclosure of the Glazer Deposition and the DoVale Deposition from OJCommerce's counsel in the Florida Action, and not from Leader or its counsel. In fact, Leader has never informed either the Court or Static Media of Leader's disclosure of the Glazer Deposition or DoVale Deposition to OJCommerce, nor did Leader ever seek permission from the Court or Static Media to make such disclosures. (Bushnell Decl., ¶ 4.) Leader also never challenged any of Static Media's confidentiality designations as permitted under paragraph 12 of the Protective Order.

Instead, Leader made its disclosures of the Glazer Deposition and DoVale Deposition to OJCommerce in secret and under the guise of a joint defense agreement. However, Leader cannot avoid the restrictions of the Protective Order through a joint defense agreement with OJCommerce. Nor can Leader make an end-run around this Court's Protective Order through a secret agreement with OJCommerce related to an entirely separate case to which Leader is not even a party.

Leader's disclosure of the Glazer Deposition and DoVale Deposition to OJCommerce is particularly troubling because those deposition transcripts and exhibits contain Highly Confidential – Trial Counsels' Eyes Only information related to Static Media's sales, revenues and customers as well as the Licensing Agreement. Even Leader itself could not use or view such Highly Confidential – Trial Counsels' Eyes Only information in this case. However, Leader's counsel nevertheless disclosed this Highly Confidential – Trial Counsels' Eyes Only information to OJCommerce for its unfettered and unrestricted use, both as a competitor of Static Media and against Static Media in the Florida Action. Because OJCommerce is not bound by the terms of the Protective Order and has not subjected itself to the jurisdiction of this Court, Static Media

cannot enforce the protections of the Protective Order against OJCommerce in this Court and Static Media has no control over how its confidential information will be used by OJCommerce.

Importantly, Static Media has not produced the Licensing Agreement or any other documents from this case in the Florida Action. (Warner Decl., ¶ 9.) Nor has Static Media disclosed its sales or revenue information to OJCommerce in the Florida Action. (*Id*. at ¶ 10.) Leader's unauthorized disclosure of the Glazer Deposition and DoVale Deposition to OJCommerce thus has provided OJCommerce with confidential information that has not been produced in the Florida Action and is not governed by any protective order entered in that case. Leader's disclosure has jeopardized Static Media's ability to negotiate an early resolution in the OJCommerce case. (*Id. at* ¶ 11.) Regardless, Leader's disclosure of the Glazer Deposition and DoVale Deposition to OJCommerce for use in the Florida Action remains a violation of the terms of the Protective Order.

Leader and its counsel should be sanctioned for these willful violations of the Protective Order, both pursuant to Rule 37 and the Court's inherent power to sanction bad faith litigation misconduct. *See, e.g., Scott v. Chuhak & Tecson, P.C.*, 725 F.3d 772, 778-79 (7th Cir. 2013) (upholding sanctions imposed for violation of protective order); *GQ Sand, LLC*, 278 F. Supp. 3d at 1118 (holding the defendants' attorneys in civil contempt for violating protective order by using confidential materials for a purpose unrelated to lawsuit); *Encap, LLC*, 2014 U.S. Dist. LEXIS 160156 at *5-10 (imposing sanctions on plaintiff's attorney for violations of protective order); *Frazier*, 2005 U.S. Dist. LEXIS 2358 at *2-3, 12-13 (sanctioning plaintiffs and their attorneys for each violation of protective order); *see also* Rule 37(b)(2)(A)(vii) and (C).

"A district court certainly can consider the extent of the prejudice to the opposing party when determining an appropriate sanction. But a district court's inherent power to sanction for

violations of the judicial process is permissibly exercised not merely to remedy prejudice to a party, but also to reprimand the offender and 'to deter future parties from trampling upon the integrity of the court.'" *Salmeron*, 57 F.3d at 797 (quoting *Dotson*, 321 F.3d at 668). Accordingly, sanctions "must be sufficient to constitute actual punishment and must serve as a specific and general deterrent to future violations in this case and others." *Frazier*, 2005 U.S. Dist. LEXIS 2358 at *12. "The Supreme Court has stated that 'Rule 37 sanctions must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Encap, LLC*, 2014 U.S. Dist. LEXIS 160156 at *9 (quoting *Roadway Exp., Inc.*, 447 U.S. at 763-64).

Applying this standard to Leader and its counsel, Static Media respectfully requests that the Court impose the following sanctions on Leader and its counsel for their violations of the Protective Order:

1) An order from the Court holding Leader and its counsel in contempt of the Protective Order and in violation of the sealing procedures of this Court;

2) An order requiring Leader and its counsel to identify and produce to Static Media all of their communications with OJCommerce and its counsel related to this case, along with a specific accounting of each disclosure of information designated by Static Media as Confidential or Highly Confidential – Trial Counsels' Eyes Only pursuant to the Protective Order by Leader or its counsel to any third party;

3) A fine of $1,000 for each violation of the Protective Order to be paid to Static Media by Leader and its counsel, jointly and severally; and

4) An award of the reasonable attorneys' fees and costs incurred by Static Media in connection with this Motion.

Such sanctions are consistent with those imposed for similar violations of protective orders in other cases. *See, e.g., Grove Fresh Distribs., Inc. v. John Labatt, LTD*, 299 F.3d 635, 638-39 (7th Cir. 2002) (discussing award of attorneys' fees and costs and fine for violations of protective order); *Encap, LLC*, 2014 U.S. Dist. LEXIS 160156 at *8-10 (imposing sanctions of an accounting and an award of reasonable attorneys' fees and costs for violation of protective order); *Frazier*, 2005 U.S. Dist. LEXIS 2358 at *12-13 (imposing sanctions of monetary fine and an award of reasonable attorneys' fees and costs for violations of protective order).

## CONCLUSION

For all of the foregoing reasons, the Court should grant this Motion and impose appropriate sanctions on Leader and its counsel for their violations of the Protective Order.

Respectfully submitted this the 18th day of October, 2019.

/s/ *Harry E. Van Camp*
**DEWITT LLP**
Harry E. Van Camp (#1018568)
Elijah B. Van Camp (# 1100259)
Two East Mifflin Street, Suite 600
Madison, WI 53703-2865
608-255-8891
hvc@dewittllp.com
evc@dewittllp.com

**FISHERBROYLES, LLP**
Vincent Bushnell
(Admitted *pro hac vice*)
945 East Paces Ferry Rd., NE
Suite 2000
Atlanta, GA 30326
678-902-7190
vincent.bushnell@fisherbroyles.com
**Attorneys for Plaintiff Static Media LLC**

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

_____

STATIC MEDIA LLC,

          Plaintiff,

    v.

LEADER ACCESSORIES LLC,                Case No.: 18-CV-330

          Defendant.

_____

**DECLARATION OF VINCENT BUSHNELL, ESQ.**

_____

I, Vincent Bushnell, Esq., hereby declare pursuant to 28 U.S.C. § 1746 as follows:

1.     I am over the age of eighteen (18) years old, have personal knowledge of the facts stated herein, and am competent to be a witness. I make this Declaration in support of Plaintiff Static Media LLC's ("Static Media") Motion for Sanctions Against Defendant Leader Accessories, LLC.

2.     I am a Partner at FisherBroyles, LLP, 945 East Paces Ferry Rd. NE, Suite 2000, Atlanta, Georgia 30326, and am counsel for Static Media in this case.

3.     Static Media has never agreed to remove or de-designate any Confidential or Highly Confidential – Trial Counsels' Eyes Only designations made by Static Media pursuant to the Protective Order [Doc. 13-1] entered in this case for the transcripts or exhibits to the Deposition of Gary M. Glazer dated January 24, 2019 ("Glazer Deposition") or the Deposition of Anthony DoVale, Jr. dated January 24, 2019 ("DoVale Deposition") other than in connection with Defendant's Motion for Summary Judgment of Invalidity, or in the Alternative, Non-Infringement [Doc. 28-30].

4.     Defendant Leader Accessories, LLC ("Defendant") has never requested that Static Media change the designation of any information or document in either the Glazer Deposition or

1

DoVale Deposition pursuant to paragraph 12 of the Protective Order.

5.      Static Media has never agreed to allow Defendant to disclose any information or documents designated as Confidential or Highly Confidential – Trial Counsels' Eyes Only by Static Media to any third party, including OJCommerce, LLC ("OJCommerce").

6.      Like Defendant, OJCommerce sells stadium chairs that compete with those sold by Static Media.

7.      Attached hereto as Exhibit A is a true and correct copy of the proposed Stipulated Protective Order filed by the parties on September 14, 2018 [Doc. 13-1].

8.      Attached hereto as Exhibit B is a true and correct copy of the court's order accepting and entering the parties' stipulated protective order [Dkt. 14].

I declare under penalty of perjury that the foregoing facts are true and correct.

Dated this 18th day of October, 2019.

_____/s/ Vincent Bushnell_____
VINCENT BUSHNELL

# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

STATIC MEDIA LLC,

        Plaintiff,

     v.                           Case No. 18-cv-330-wmc

LEADER ACCESORIES LLC,

        Defendant.

## STIPULATED PROTECTIVE ORDER

      The Court issues this Protective Order to facilitate the progress of disclosure and production of documents under the Federal Rules of Civil Procedure and the Local Rules of the Court.

      In support of this Protective Order, the Court finds that:

      1.      Documents or information containing confidential proprietary and business information and/or trade secrets ("Confidential" and "Highly Confidential – Trial Counsels' Eyes Only" information) are likely to be disclosed or produced during the course of discovery in this litigation by both parties and non-parties;

      2.      The parties and non-parties to this litigation may assert that public dissemination and disclosure of Confidential or Highly Confidential – Trial Counsels' Eyes Only information could cause injury or damage to the party or non-party disclosing or producing the information, and could place that party or non-party at a competitive disadvantage;

      3.      To protect the respective interests of the parties and non-parties, and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

IT IS HEREBY ORDERED THAT:

1.      As used in this Protective Order, these terms have the following meanings:

"Trial Counsel" means counsel of record;

"Confidential" documents are documents designated pursuant to paragraph 2;

"Highly Confidential – Trial Counsels' Eyes Only" documents are the subset of Confidential documents designated pursuant to paragraph 5;

"Documents" are all printed and electronically-stored information, documents, materials and recordings within the scope of Fed. R. Civ. P. 34;

"Written Assurance" means an executed document in the form attached as Exhibit A.

2.      By identifying a document or information as Confidential, a party may designate any document or information, including interrogatory responses, other discovery responses or transcripts that constitute or contain trade secret or other confidential information.

3.      All Confidential information and documents, along with the information contained in the documents, shall be used solely for the purpose of this action and no person receiving such information or documents shall, directly or indirectly, transfer, disclose or communicate in any way the information or the contents of the documents to any person other than those specified in paragraph 4.

4.      Access to any Confidential information or document shall be limited to:

a.      the Court and its officers;

b.      Trial Counsel and their office associates, legal assistants, and stenographic and clerical employees;

c.      persons shown on the face of the document to have authored or received it;

2

d.      court reporters retained to transcribe testimony;

e.      employees of the parties who are actively engaged in assisting counsel with respect to this litigation;

f.      outside independent persons (*i.e.*, persons not currently or formerly employed by, consulting with or otherwise associated with any party) who are retained by a party or its attorneys to furnish consulting, technical or expert services and/or to give testimony in this action and have executed the "Written Assurance" as specified below;

g.      Any person to whom the such information has previously been disclosed by the designating party;

h.      Any other person for whom the party receiving the information can show good cause, but only upon order of the Court or with advance written permission of the designating party; and

i.      Mediators or similar outside parties and their staffs enlisted by the parties to assist in the resolution of the claims and defenses of the parties.

5.      The parties shall have the right to further designate Confidential information or documents or portions of documents as Highly Confidential – Trial Counsels' Eyes Only if the producing party deems the information or documents to be particularly sensitive, such that even its limited use by a person designated in paragraph 4(e) in connection with the litigation would risk the loss of a competitive advantage (*e.g.*, confidential, scientific or technical research, business plans, strategies, product plans or financial records). Disclosure of such information and documents shall be limited to the persons designated in paragraphs 4(a) - (d) and (f) – (i).

6.      Third parties producing information or documents in this action may also designate information or documents as Confidential or Highly Confidential – Trial Counsels' Eyes Only subject to the same protections and constraints as the parties to the action. A copy of this Protective Order shall be served along with any subpoena served

in connection with this action. All information or documents produced by such third parties shall be treated as Highly Confidential – Trial Counsels' Eyes Only for a period of 14 days from the date of their production, and during that period any party may designate such information or documents as Confidential or Highly Confidential – Trial Counsels' Eyes Only pursuant to the terms of this Protective Order.

7.      Before any person designated in 4(f) is given access to Confidential or Highly Confidential – Trial Counsels' Eyes Only information, the individual shall first read this Order and, as is appropriate under the circumstances, either execute a "Written Assurance" in the form attached hereto as Exhibit A, acknowledge on the record that he or she has read and agrees to be bound by the terms of the Order and the jurisdiction of this Court for the sole purpose of enforcing same, or otherwise agree in writing to be bound by the terms of this Order and to submit to the jurisdiction of this Court for the sole purpose of enforcing this Order.

8.      All depositions or portions of depositions taken in this action that contain trade secret or other confidential information may be designated Confidential or Highly Confidential – Trial Counsels' Eyes Only and thereby obtain the protections accorded other Confidential or Highly Confidential – Trial Counsels' Eyes Only documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 14 calendar days of receipt of the transcript. Unless otherwise agreed, deposition transcripts shall be treated as Highly Confidential – Trial Counsels' Eyes Only during the 14-calendar-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential or Highly Confidential – Trial Counsels' Eyes Only information

shall be taken only in the presence of persons who are qualified to have access to such information. Notwithstanding any designation of material by a party under this Order as Confidential or Highly Confidential – Trial Counsels' Eyes Only, any witness may be shown at a deposition, and examined on, any such material that the witness authored, previously reviewed, or previously received; the witness may also be shown at a deposition, and examined on, any such material for which specific documentary or testimonial evidence indicates (i) that the material was communicated to or from the witness, or (ii) that the witness was involved in the specific matter(s) addressed in the material, or if the producing party of the material agrees.

9.     The inadvertent or unintentional failure to designate specific information or material as Confidential or Highly Confidential – Trial Counsels' Eyes Only shall not be deemed a waiver in whole or in part of a producing party's claim of confidentiality as to such material. Anyone who inadvertently fails to identify information or documents as Confidential or Highly Confidential – Trial Counsels' Eyes Only shall promptly from the discovery of its oversight correct its failure by providing written notice of the error and substituted copies of the inadvertently-produced information or documents. Any party receiving such inadvertently unmarked information or documents shall make reasonable efforts to retrieve information or documents distributed to persons not entitled to receive information or documents with the corrected designation. The receiving party shall not be in violation of this Protective Order for any disclosure of information or documents made prior to receiving written notice.

10.     The parties agree that documents and information created after the filing date of this lawsuit which the parties contend in good faith based upon legal support is protected by the attorney-client privilege or work product doctrine need not be reported on a privilege log. This shall not preclude a party from challenging any so designated documents or information.

11.     The inadvertent or unintentional disclosure by the producing party of information subject to a claim of attorney-client privilege or work product immunity shall not be deemed a waiver in whole or in part of the party's claim of privilege or work-product immunity, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. If a party has inadvertently produced information subject to a claim of immunity or privilege, the receiving party, upon request, shall promptly return or destroy the inadvertently-produced materials and all copies of those materials that may have been made or any notes regarding those materials shall be destroyed. The party returning such information may move the Court for an order compelling production of such information.

12.     Any party may request a change in the designation of any information or document designated Confidential or Highly Confidential – Trial Counsels' Eyes Only. Any such information or document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced information or documents as Confidential or Highly Confidential – Trial Counsels' Eyes Only in the action may be affected. The party asserting that the material is Confidential or Highly Confidential – Trial Counsels' Eyes

Only shall have the burden of proving that the information or document in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

13.     Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as Confidential or Highly Confidential – Trial Counsels' Eyes Only and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return or destruction within the 60-day period. Attorneys shall be entitled to retain, however, a set of all documents filed with the Court, all correspondence generated in connection with the action, documents constituting work product, and any deposition transcripts and deposition or trial exhibits.

14.     Any party may apply to the Court for a modification of this Protective Order and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

15.     No action taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

16.     This Protective Order shall remain in effect after the final action, unless otherwise ordered by the Court, and the Court shall retain jurisdiction over the parties for enforcement of the provisions.

It is so ORDERED by the COURT.

ENTERED this _____ day of _____, 2018.


                                          _____
                                          WILLIAM M. CONLEY
                                          District Judge

## EXHIBIT A

### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF WISCONSIN

STATIC MEDIA LLC,

     Plaintiff,

   v.           Case No. 18-cv-330-wmc

LEADER ACCESSORIES LLC,

     Defendant.

### NOTICE OF ADHERENCE TO PROTECTIVE ORDER

_____ declares that:

   I reside at _____

in the city of _____, county of _____ state of _____;

   I am currently employed by _____

located at _____

and my current job title is_____.

   I have read and believe I understand the terms of the Protective Order dated

_____, filed in Case No. 18-cv-330-wmc pending

in the United States District Court for the Western District of Wisconsin. I agree to

comply with and be bound by the provisions of the Protective Order. I understand that

any violation of the Protective Order may subject me to sanctions by the Court.

   I shall not divulge any information or documents or copies of documents

designated Confidential or Highly Confidential – Trial Counsels' Eyes Only obtained

pursuant to such Protective Order or the contents of such documents to any person other

than those specifically authorized by the Protective Order. I shall not copy or use such information or documents except for the purposes of this action and pursuant to the terms of the Protective Order.

  As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received any documents in my possession designated Confidential or Highly Confidential – Trial Counsels' Eyes Only and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

  I submit myself to the jurisdiction of the United States District Court for the Western District of Wisconsin for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

  I declare under penalty of perjury that the foregoing is true and correct.

Dated:_____    _____
                 (Signature)

# EXHIBIT B

| | |
|---|---|
| **From:** | wiwd_ecf@wiwd.uscourts.gov |
| **Sent:** | Friday, September 14, 2018 11:26 AM |
| **To:** | wiwd_nef@wiwd.uscourts.gov |
| **Subject:** | Activity in Case 3:18-cv-00330-wmc Static Media LLC v. Leader Accessories LLC Order on Motion for Protective Order |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### Western District of Wisconsin

## Notice of Electronic Filing

The following transaction was entered on 9/14/2018 at 11:25 AM CDT and filed on 9/14/2018

| | |
|---|---|
| **Case Name:** | Static Media LLC v. Leader Accessories LLC |
| **Case Number:** | 3:18-cv-00330-wmc |
| **Filer:** | |
| **Document Number:** | 14(No document attached) |

**Docket Text:**
**\*\* TEXT ONLY ORDER \*\***
**The parties' stipulated protective order [134] is accepted and entered as the court's order. Signed by Magistrate Judge Stephen L. Crocker on 9/14/2018. (kwf)**

**3:18-cv-00330-wmc Notice has been electronically mailed to:**

Harry E. Van Camp      hvc@dewittross.com, jlw@dewittross.com, ssg@dewittross.com

Rodney W. Kimes      rkimes@bolgrienlaw.com

Jen-Feng Lee      jflee@ltpacificlaw.com, dhsu@ltpacificlaw.com, jflee@ipfirm.us

Elijah Byrnes Van Camp      evc@dewittross.com, rll@dewittross.com

Vincent Bushnell      vincent.bushnell@fisherbroyles.com

**3:18-cv-00330-wmc Notice will be delivered by other means to::**

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

STATIC MEDIA LLC,

        Plaintiff,                            Case No.: 18-CV-330

      v.

LEADER ACCESSORIES LLC,

        Defendant.

**DECLARATION OF SUSAN V. WARNER, ESQ.**

I, Susan v. Warner, Esq., hereby declare pursuant to 28 U.S.C. § 1746 as follows:

1.      I am over the age of 18 and am otherwise *sui juris.*

2.      I am an attorney duly authorized to practice law in the State of Florida and have been engaged in the practice of law since 2007.

3.      I am a Partner at the law firm of FisherBroyles LLP and I represent Defendant Static Media LLC ("Static Media") in the action styled *Static Media, LLC v. OJCommerce, LLC*, Case No. 0:19-cv-60270-WPD, pending in the United States District Court, Southern District of Florida (the "Florida Action").

4.      In the Florida Action, Static Media brought suit against OJCommerce, LLC ("OJCommerce") for its infringement under 35 U.S.C. § 271 of United States Patent No. D771,400, entitled "STADIUM SEAT" issued on November 15, 2016 (the "'D400 Patent").

5.      On September 26, 2019, I placed a call to counsel for OJCommerce, Shlomo Hecht, at approximately 4:57 p.m. I was returning Mr. Hecht's call from earlier in the afternoon. The parties had been in engaged in settlement discussions and the purpose of the call was to continue those discussions. The call lasted for approximately 10 minutes.

6.      In the course of the telephone call, Mr. Hecht informed me that OJCommerce had

entered into a joint defense agreement with Leader Accessories LLC and that, due to that joint defense agreement, OJCommerce had possession of all the materials, including deposition transcripts and agreements, from that litigation.

7.    Mr. Hecht specifically mentioned being in possession of the Licensing and Royalty Agreement between Static Media and Belnick, Inc. dated November 11, 2015 (the "Licensing Agreement") and that he had knowledge of the specific terms of the Licensing Agreement, including terms related to the royalty paid to Static Media under that agreement.

8.    This declaration is made as a written record of my telephone call with Shlomo Hecht, Esq. on September 26, 2019 from 4:57 p.m. to 5:08 p.m. and this is an event I personally experienced at that time and I wrote this declaration when the matter was fresh in my memory and it correctly reflects my knowledge at that time.

9.    Static Media has not produced the Licensing Agreement or any other documents from this case in the Florida Action.

10.   Static Media has not disclosed its sales or revenue information to OJCommerce in the Florida Action.

11.   Static Media's ability to successfully negotiate an early resolution with OJCommerce has been jeopardized by the disclosure of confidential information and documents made by Leader Accessories, LLC in violation of the protective order in the Wisconsin case.

I declare under penalty of perjury that the foregoing facts are true and correct.

Dated this 18th day of October, 2019.


__/s/_ Susan V. Warner_____
SUSAN V. WARNER


2