UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

STATIC MEDIA LLC,　　　　　　　　　　Case No.: 0:19-cv-60270-RKA
　　　Plaintiff
vs.
OJ COMMERCE, LLC,
　　　Defendant
_____ /

**DECLARATION OF SHLOMO Y HECHT, IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY AND ATTORNEY'S FEES**

Pursuant to 28 U.S.C.§ 1746, I hereby declare as follows:

1. I was retained as a consultant by counsel for Leader Accessories, LLC as a consultant to assist with the defense of the patent infringement litigation brought by Static Media LLC in the action titled Static Media LLC v. Leader Accessories LLC in the US Court of the Western District of Wisconsin, case # 3:18-cv-00330-wmc. (the "Wisconsin Action"), for infringement of its US patent # D771,400. (the "Patent").

2. On February 19, 2019, during my time as a consultant for Leader Accessories, I received from Mr. Lee a transcript of a deposition by ▮▮▮▮ taken at the Wisconsin Action. (the "Deposition").

3. During the Deposition, a copy of the licensing agreement between Static Media LLC and Belnick, Inc. was introduced, and repeatedly referred to by Defendant Leader Accessories LLC's counsel, Mr. Lee and the deponent. I have not received a copy of this agreement.

4. During the Deposition, it was revealed that prior to the issuance of the Patent, Belnick, Inc entered into an agreement with Static Media LLC to pay a $▮ royalty for each

stadium seat it sells, $█ for the use of its trademark, and an additional $█ for the use of its Patent, if the Patent gets approved. In other words, Belnick, Inc agreed to pay Static Media LLC a $█ Patent royalty per stadium seat sold.

5. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

6. At no point and time did I disclose the content of the Deposition to any person, including any person within the OJ Commerce, LLC organization.

7. At no point and time did I use any of the content of the Deposition for any use, other than for the defense of the Wisconsin Action.

8. On September 11, 2019, I had a settlement conference with Susan Warner, attorney for Static Media LLC, in which an agreement was reached between the parties that OJ Commerce, LLC to exchange financial records, in an effort to reach a swift resolution to this litigation.

9. I was given strict instructions by OJ Commerce, LLC not to agree to any settlement that includes royalty payments, unless I first obtain documented proof substantiating the reasonableness of such royalty.

10. Immediately after that phone call, I emailed Susan Warner OJ Commerce, LLC's financial records relating to the sale of its stadium seat, reflecting a gross sale of ███ units, sold at an average of $█ per unit, having a gross margin of $██████, and a **net loss of** $██████ due to an estimated $█████ cost of production.

11. On September 26, 2019, Susan Warner emailed me with a demand for $▮ consisting of $▮ in "reasonable royalties," and $▮ attorney's fees. A copy of this email is hereby attached as Exhibit A.

12. On September 26, 2019, I had another settlement conference with Susan Warner (the "Settlement Call II"), at which point I advised her that the demand is unreasonable because (1) there is no basis for an award of attorney's fees on standard patent infringement cases, and OJ Commerce, LLC does not believe this case qualifies as an exceptional circumstances, (2) the amount of $▮ for attorney's fees at such an early stage of the litigation is very high, and (3) it is unreasonable to request more than 10 percent of the gross retail sale price as royalty for a simple design patent that doesn't add any real value to a product.

13. During the Settlement Call II, I also advised Susan Warner that OJ Commerce, LLC will not agree to pay any royalties without Static Media, LLC providing documentation to substantiate its value.

14. During the Settlement Call II, I also informed Susan Warner that as a consultant for the defendant in the Wisconsin Action, I am personally aware that Static Media, LLC does not have any documents to support its hyperinflated royalty demand beyond $▮ per unit, and Static Media, LLC is just wasting time with its unreasonable demands.

15. After the Settlement Call II, I reached out to Susan Warner repeatedly asking for an update on the settlement discussions, but she did not respond.

16. On October 10, 2019, 2 weeks after the Settlement Call II, Susan Warner provided me with a proposed scheduling report that stipulates to trial dates, discovery cutoff dates, an initial disclosure deadline of November 8, 2019. On that same day Susan Warner filed

the scheduling order with this Court without raising any objection for my representation of OJ Commerce, LLC. [D.E. 27].

17. On November 6, 2019, Susan Warner sent me an email advising that Plaintiff changed its position about the previously agreed deadlines, and will instead be moving for a motion to stay discovery, based on my knowledge of its Belnick, Inc's royalty agreement. A copy of this email is hereby attached as Exhibit B.

18. That same day, I requested Susan Warner to select a mediator pursuant to this Court's October 16, 2019 trial order, [D.E. 28], and for a Rule 26(f) discovery conference. A copy of this email is hereby attached as Exhibit C.

19. To this date, Plaintiff and its counsel have not produced any discovery to Plaintiff, did not make any initial disclosures, refused to select a mediator, refused to set a discovery conference, and refused to otherwise participate in any discovery with Defendant.

I declare under penalty of perjury, that the foregoing is true and correct.

Executed on this 2nd day of December, 2019.

/s/Shlomo Y Hecht
Shlomo Y Hecht

# Exhibit (A)

 ███████████@gmail.com>

## Static Media v. OJ Commerce - Phone call followup

**Susan Warner** <███████████fisherbroyles.com>  Thu, Sep 26, 2019 at 12:10 PM
To: Sam Hecht <███████hechtlawpa.com>
Cc: Vincent Bushnell <███████████isherbroyles.com>

Sam,

We have reviewed the materials you have sent us and discussed your proposal with our client.  We cannot accept settlement on the terms you have proposed, but we do have a counter proposal for resolution of this matter.

  1)   Payment to Static Media of $████ in reasonable royalties for the infringing sales identified by OJ Commerce in the sales data produced to us so far.

  2)   Payment of Static Media attorneys' fees and costs incurred to date in the amount of $██████5.

  3)   OJ Commerce agrees to immediately cease sales of the Accused Product and will not engage in future sales of the Accused Product;

  4)   OJ Commerce will represent and warrant in the settlement agreement regarding the accuracy of sales information provided by OJ Commerce to Static Media;

  5)   Execution of mutual releases;

  6)   Upon execution of the settlement agreement and payment of the $███████, Static Media will file a voluntary dismissal with prejudice of the lawsuit.

Please not that the settlement amount does not include enhanced damages for willful infringement.  If settlement cannot be reached and litigation moves forward, Static Media will seek enhanced damages under the statute for OJ Commerce's willful infringement of Static Media's patent.  This offer will stay open until 10/7, when OJ Commerce's answer is due.  We look forward to your response and are hopeful a resolution of this matter can be reached between the parties.

Susan

**Susan V. Warner, Esq.**



1221 Brickell Avenue | Suite 900 | Miami, FL 33131 | USA

Direct: 786.310.0637 | ███████████████████ | fisherbroyles.com

ATLANTA • AUSTIN • BOSTON • CHARLOTTE • CHICAGO • CINCINNATI • CLEVELAND • COLUMBUS • DALLAS • DENVER • DETROIT • HOUSTON • LOS ANGELES •MIAMI • NAPLES • NEW YORK • PALO ALTO • PHILADELPHIA • PRINCETON • SALT LAKE CITY • SEATTLE • WASHINGTON, D.C.

# Exhibit (B)

 _____@gmail.com>

## LR 7.1(a)(3) Conference -Motion to Stay Discovery and Case Deadlines

**Susan Warner** <_____@fisherbroyles.com>  Wed, Nov 6, 2019 at 12:18 PM
To: Sam Hecht <____@hechtlawpa.com>
Cc: Vincent Bushnell <_____@fisherbroyles.com>

Mr. Hecht,

This email is an attempt to confer pursuant to Local Rule 7.1(a)(3).  In light of recent events and your sworn statements in the Leader Action, Static Media will be moving to stay all discovery and case deadlines in the Florida Action pending our motion to disqualify you from this case and potentially the striking OJCommerce's answer in this matter based upon your improper receipt of Static Media's confidential information and use of the same in the Florida Action.  We will be filing this motion today, so please let us know if you agree or object to the motion to stay the case by close of business today.  Additionally, please let us know if you agree to withdraw from this action and to the striking of OJCommerce's answer.

Susan Warner

**Susan V. Warner, Esq.**

**FISHERBROYLES**
A LIMITED LIABILITY PARTNERSHIP

1221 Brickell Avenue **| Suite 900 |** Miami, FL 33131 **| USA**

Direct: 786.310.0637**|**_____ **|** fisherbroyles.com

ATLANTA • AUSTIN • BOSTON • CHARLOTTE • CHICAGO • CINCINNATI • CLEVELAND • COLUMBUS • DALLAS • DENVER • DETROIT • HOUSTON • LOS ANGELES •MIAMI • NAPLES • NEW YORK • PALO ALTO • PHILADELPHIA • PRINCETON • SALT LAKE CITY • SEATTLE • WASHINGTON, D.C.

The information contained in this e-mail message is only for the personal and confidential use of the intended recipient(s). If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

# Exhibit (C)

 @gmail.com>

## LR 7.1(a)(3) Conference -Motion to Stay Discovery and Case Deadlines

**Sam Hecht** <​hechtlawpa.com>  Wed, Nov 6, 2019 at 12:45 PM
To: Susan Warner <​fisherbroyles.com>
Cc: Sam Hecht <​@hechtlawpa.com>, Vincent Bushnell <vincent.bushnell@fisherbroyles.com>

Dear Attorney Warner,

OJ Commerce sees no basis in fact or law for any of your requests, and does not agree to any delays in deadlines, nor to strike any of its pleadings. Additionally I will not be withdrawing as counsel as there is no basis for disqualification.

As you are aware, today is the deadline to select a mediator. Please provide a list of mediators that Static Media agrees to, and we will respond accordingly.

Additionally, I would like to have a Rule 26(f) discovery conference at your earliest convenience. Please advise what dates and times you are available.

Sincerely,

Shlomo ("Sam") Hecht, Esq.

The Law Offices of Shlomo Y. Hecht, P.A.
3076 N Commerce Parkway
Miramar, FL 33025
Phone: 954-861-0025

Email: s

**Confidentiality Notice**
This email is intended only for the person addressed to, and may contain confidential information that is protected by the attorney-client privilege. If you received this message by error, or if you are not the intended recipient, you must not disclosure or transmit this information to any person, notify our office immediately by emailing: or calling: (954) 861-0025, and delete this message immediately.

[Quoted text hidden]