UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| STATIC MEDIA LLC,<br>    Plaintiff<br>vs.<br>OJ COMMERCE, LLC,<br>    Defendant<br>_____ / | Case No.: 0:19-cv-60270-RKA |

**DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S INITIAL DISCLOSURES**

Defendant OJ Commerce, LLC respectfully moves this Court pursuant to Fed. R. Civ. P. 37(a)(3)(A), to compel Plaintiff Static Media, LLC to comply with their initial disclosures obligations required by Fed. R. Civ. P. 26(a)(1)(A).

Plaintiff claims to be holder of a valid patent, and alleges that Defendant infringes on its patent by selling a competing product. As part of the relief sought, Plaintiff requests "actual and compensatory damages in an amount sufficient to compensate Static Media for OJCommerce's [alleged] infringement of the 'D400 Patent," [D.E. 6 at 5].

Rule 26 requires a Plaintiff to produce initial disclosures, without waiting for discovery, including computation of its damages, and all documents and evidentiary material it relies on for such damages. Plaintiff has refused to produce initial disclosures, and has refused to provide any documents whatsoever. Such behavior is severely prejudicial to Defendant, and causes unnecessary delay. Defendant seeks this Court's assistance in obtaining Plaintiff's initial disclosures.

**I. BACKGROUND**

On February 14, 2019, Plaintiff filed a complaint against Defendant related to the sales of its Naomi Home Bench Riders Stadium Folding Seat, for allegedly infringing on United States

Patent No. D771,400, a patent which was assigned to Plaintiff by an individual Mr. Anthony Joseph DoVale. [D.E. 6].

On October 10, 2019, the parties filed a joint scheduling report, agreeing, among others, to produce initial disclosures by November 8, 2019. [D.E. 27].

On October 16, 2019, this Court issued a trial order requiring the parties to select a mediator by November 6, 2019. [D.E. 28 at 1].

On November 6, 2019, Defendant sent a message to Plaintiff's counsel, stating:

> I would like to have a Rule 26(f) discovery conference at your earliest convenience. Please advise what dates and times you are available.

Plaintiff never responded to this message.

On November 6, 2019, after Defendant's request for a discovery conference, Plaintiff filed a motion to stay discovery, and all other trial deadlines, [D.E. 29], which was opposed by Defendant. [D.E. 31]. To date, this Court has not ruled on the motion to stay.

On December 10, 2019, Defendant sent another message to Plaintiff's counsel, stating:

> I'm following up on our last communication dated November 6, 2019, whereby I asked you to participate in the selection of a mediator, pursuant to the Court's Scheduling Order, and requested a 26(f) discovery conference, so we can obtain initial disclosures and conduct discovery accordingly. So far more than a month has passed and I received no response. Note, that filing a motion to stay does not automatically stay discovery without an explicit court ruling to that effect. *See United States Commodity Futures Trading Comm'n v. Brown*, 3:15-CV-354-J-39MCR, 2016 WL 3136847 (M.D. Fla. Jan. 28, 2016) (motion to compel is granted pending a ruling on a motion to stay discovery).

In response to the request for a 26(f) conference, Plaintiff for the first time clarified its position that:

> The purpose of a Rule 26(f) conference is to agree to a case schedule. Thus, we already had our Rule 26(f) conference by agreeing to and submitting the Joint Scheduling Report. There is no need for the parties to engage in another scheduling conference as the Court has already entered a Scheduling Order.

That same day, Defendant replied with the following:

> if your position is that we already had a 26(f) conference on October 10, then I ask you provide initial disclosures immediately. See attached OJ Commerce, LLC's initial disclosures.

Plaintiff again responded that it will not produce any discovery, by stating:

> As previously referenced and as stated in the Motion to Stay Discovery and all case deadlines, we do not believe it is proper to engage in any case activity until the Motion to Disqualify is ruled upon.

Despite Defendant's numerous efforts to resolve this matter with Plaintiff, it continues to refuse to produce initial disclosures, or otherwise participate in any discovery.

## II.   APPLICABLE STANDARD

Fed. R. Civ. P. 26(a)(1)(C) provides:

> A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order.

Plaintiff has taken the position that the joint scheduling report filed on October 10, 2019, constituted a Rule 26(f) conference. Thus, its initial disclosures were due 14 days thereafter on October 24, 2019. In any event, the parties have also stipulated in the joint scheduling report to produce initial disclosures by November 8, 2019. But, Plaintiff still continues to refuse the production of its initial disclosures.

Defendant is "entitled to a computation of each category of damages claimed" and "documentary support." *Da Realty Holdings, LLC v. Tenn. Land Consultants, LLC*, No. 2:13-CV-00191-WCO, 2015 WL 11017945, at *2 (N.D. Ga. Jan. 5, 2015) (granting motion to compel). Indeed, courts regularly compel plaintiffs to produce documents supporting Rule 26(a)(1)(A)(iii) damages estimates. *See, e.g., Pressman v. Publix Super Markets, Inc.*, No.

06-61350-CIV, 2007 WL 9700541, at *1–2 (S.D. Fla. May 3, 2007) (granting motion to compel plaintiff to produce "all documents on which her computation of damages is based" and holding that plaintiff "needs to provide the defendants with an initial estimate as to their claimed damages and at least 'some analysis' of how the relevant facts lead to that dollar figure"); *Newton v. Palm Coast Recovery Corp.*, No. 13-62051-CIV, 2014 WL 293484, at *3 (S.D. Fla. Jan. 27, 2014) (requiring plaintiff to provide disclosures that include a calculation of damages and supporting documents); *Beach-Mathura v. Am. Airlines, Inc.*, 08-21925-CIV, 2008 WL 4853015, at *1 (S.D. Fla. Nov. 10, 2008)(motion to compel granted for failure to make initial disclosures).

The fact that Plaintiff filed a motion to stay discovery, does not change the discovery deadlines, or the dates established of Fed. R. Civ. P. 26(a)(1)(C) for producing initial disclosures. *See e.g. United States Commodity Futures Trading Comm'n v. Brown*, 3:15-CV-354-J-39MCR, 2016 WL 3136847, at *2 n. 1 (M.D. Fla. Jan. 28, 2016) ("[defendant] believes the motion to stay proceedings ... obviates the need ... to respond to discovery requests, such belief is misplaced ... it is clear that the filing of a motion to stay does not automatically stay the proceedings.")(citing *Omega Patents, LLC v. Fortin Auto Radio, Inc.*, Case No. 6:05-cv-1113-Orl-22DAB, 2006 WL 2038534 at *3 (M.D. Fla. July 19, 2006) ("Pursuant to the Federal Rules of Civil Procedure and the Local Rules, and the Case Management and Scheduling Order, discovery proceeds without regard to whether a motion to stay discovery is filed; nowhere in the rules is a motion to stay discovery self-executing.")).

Plaintiff shows blatant disregard for the rules of civil procedure, refuses to comply with stipulations by the parties themselves, and refuses to comply with this Court order. Plaintiff's

action is causing severe prejudice to Defendant, by not being able to properly evaluate its damage claims, and causes unnecessary expense and delay in resolving this action.

### III.   SPECIFIC RELIEF REQUESTED

Plaintiff has presented to this Court that it monetizes its patent via "an exclusive licensing agreement with Belnick, Inc." [D.E. 35 at 2].  Thus, Plaintiff only monetizes its patent by a licensing agreement with Belnick, Inc. and may only claim damages for loss of reasonable royalties.  As such, Defendant asks for the initial disclosures to include all documents evidencing its reasonable royalties, including its licensing agreement with Belnick, Inc, or if such agreement does not exist, state that it does not exist.

Additionally, in its Complaint, Plaintiff claims that it "markets and advertises certain stadium seats covered by the 'D400 Patent." [D.E. 6 at 2, ¶ 10]. Thus, if Plaintiff has any expenses as a result of its marketing and advertising the Belnick, Inc. stadium seat, such expenses must be offset from the royalties it received from Belnick, Inc. and deducted from its damages.  As such, Defendant asks for the initial disclosure to include all documents evidencing its expenses incurred by marketing and advertising the Belnick, Inc stadium seat, or if such expenses do not exist, state that it does not exist.

### IV.  CONCLUSION

Defendant respectfully request that this Court (1) compel Plaintiff to comply with their initial disclosure obligation, including the computation for each category of damages, along with documents or other evidentiary material supporting each category of damages in their initial disclosure damages calculation, including but not limited to (2) its royalties agreement with Belnick, Inc, and (3) its marketing and advertising costs.

## CERTIFICATE OF GOOD FAITH EFFORT TO RESOLVE

I HEREBY CERTIFY that pursuant to Fed. R. Civ. P. 37(a)(1) and S.D. Fla. L.R. 7.1(a)(3), counsel for the movant has conferred via multiple email communications with all parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so, including emails sent on December 10, 2019, December 11, 2019, December 13, 2019, and December 16, 2019 to opposing counsel along with case law to support its position, but Plaintiff repeatedly declined and advised that it will not produce any discovery at this time.

Additionally, counsel for the movant has made reasonable efforts to confer with opposing counsel by phone, pursuant to this Court's Pre-Trial Scheduling Order issued on October 16, 2019 [D.E. 28], and Magistrate Judge Hunt's standard discovery procedures, but has been unable to do so. The efforts included an email sent on December 16, 2019, requesting opposing counsel to provide dates and times of its availability for a conference call to resolve this matter, and an actual phone call made on December 16, 2019, to opposing counsel, leaving a detailed voicemail message requesting a call back to resolve this matter.   No response was received.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 16, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully submitted,

Shlomo Y. Hecht, P.A.
3076 N Commerce Parkway
Miramar, FL 33025
Phone: 954-861-0025

By: /s/ Shlomo Y Hecht
Florida State Bar No.: 127144
Email: sam@hechtlawpa.com
Attorney for Defendant OJ COMMERCE, LLC