UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

**STATIC MEDIA LLC,**

    **Plaintiff,**                         Case No.  0:19-cv-60270-WPD

v.

**OJCOMMERCE, LLC,**

    **Defendant.**
_____/

### PLAINTIFF STATIC MEDIA LLC'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO SEAL DOCUMENT

Plaintiff Static Media LLC ("Static Media"), by and through its undersigned counsel, hereby files its response in opposition to Defendant OJCommerce, LLC's ("OJCommerce") Motion to Seal Document [D.E. 33]. OJCommerce seeks to file under seal the Declaration of Shlomo Y Hecht, in Support of Defendant's Opposition to Plaintiff's Motion to Disqualify and Attorney's Fees [D.E. 34-1], "which contains references to information that was classified by Plaintiff as confidential pursuant to a protective order from the US District Court Of The Western District Of Wisconsin. [D.E. 29-1], and references to Defendant's confidential business transactions." Static Media objects to its confidential and trade secret information being submitted to this Court, particularly as such specific information has no relevance to the issues currently before the Court as set forth in Static Media's Motion to Disqualify [D.E. 30].

At this stage in this litigation, the Court is well aware of the nature of this case and issues between the parties, the full history of which does not need repeating here.[1]  Static Media has

---

[1] For a full history of this matter, please see D.E. 15 at 1-4 and D.E. 30 at 2-11.

1

moved to disqualify counsel for OJCommerce, Shlomo Y. Hecht, for obtaining Static Media's confidential and trade secret information and use of such information in this case in violation of a federal court order. In an attempt to excuse his actions, and instead of showing any remorse or understanding that his behavior was improper, Mr. Hecht and OJCommerce seek to continue to violate the Wisconsin Protective Order by submitting Static Media's confidential and trade secret information in this record, albeit under seal. The issue is further compounded by the fact that OJCommerce is submitting to the Court the details of the settlement offers of Static Media in an attempt to excuse Mr. Hecht's behavior, in violation of Rule 408, Federal Rules of Evidence.

In filing a motion to seal, "[a] party seeking to file information or documents under seal in a civil case shall . . . set[] forth the factual and legal basis for departing from the policy that Court filings are public and that describes the information or documents to be sealed (the "proposed sealed material") with as much particularity as possible, but without attaching or revealing the content of the proposed sealed material." S.D. Fla. L.R. 5.4(b)(1). OJCommerce has provided *no* factual or legal basis for why Static Media's confidential and trade secret information should be filed with this Court. Presumably OJCommerce understands that filing this confidential information would be an egregious violation of both the Wisconsin Protective Order and trade secret law; thus it has submitted its filings with Static Media's confidential information redacted. Yet, OJCommerce had provided no explanation at all in its Motion to Seal as to why this information needs to be submitted to Court.

Based upon the arguments in OJCommerce's Response to the Motion to Disqualify [D.E. 34], OJCommerce's argument is an *ex post facto* attempt to justify Mr. Hecht's actions in obtaining and using Static Media's information that was protected under the Wisconsin Protective Order and distract from the issue at hand. The issue before the Court is not whether Static Media was

2

requesting a reasonable royalty in its settlement negotiations with OJCommerce, negotiations that cannot be offered as evidence to defend or support a claim in this action.  Offers of settlement are generally not admissible to prove or disprove a claim.  Fed. R. Evid. 408.  The issue is whether Mr. Hecht violated the Rules Regulating The Florida Bar by improperly obtaining the confidential information of Static Media and using that information in this action without authorization to both gain an unfair informational advantage and improperly delay this case.  The specifics of Static Media's confidential and trade secret information are immaterial to that question.

    As OJCommerce has provided no legal or factual basis for the need to file Static Media's confidential and trade secret information with the Court, and that information is not relevant to the issues currently pending before the Court, the Court should deny OJCommerce's request to file under seal.  However, to be clear, by opposing the motion to seal, Static Media is not consenting to its confidential and trade secret being filed in record unredacted.  Static Media's specific confidential and trade secret information, or the specifics of any settlement offers, should not be considered by the Court in connection with the motions pending before the Court.

    Respectfully submitted,

By: _____s/Susan V. Warner_____
Susan V. Warner
Florida Bar No. 38205
susan.warner@fisherbroyles.com
FISHERBROYLES, LLP
1221 Brickell Avenue
Suite 900
Miami, FL 33131
Tel: (786) 310-0637

Vincent Bushnell
*Admitted Pro Hac Vice*
vincent.bushnell@fisherbroyles.com
FISHERBROYLES, LLP
945 East Paces Ferry Road NE
Suite 2000

                                                            Atlanta, GA 30326
                                                            Tel.: (678) 902-7190

*Attorneys for Plaintiff Static Media LLC*

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on this  16th  day of December, 2019 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                                                          s/Susan V. Warner
                                                                                          Susan V. Warner

## SERVICE LIST
### STATIC MEDIA LLC  vs. OJCOMMERCE, LLC
### CASE NO: 0:19-cv-60270-WPD
### United States District Court, Southern District of Florida

Shlomo Y. Hecht,
Shlomo Y. Hecht, P.A.
11651 Interchange Cir S
Miramar, FL 33025
Email: sam@hechtlawpa.com
*Attorneys for Defendant OJ COMMERCE, LLC*
Service via CM/ECF