UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

**STATIC MEDIA LLC,**

    **Plaintiff,**                                   Case No.  0:19-cv-60270-RKA

v.

**OJCOMMERCE, LLC,**

    **Defendant.**
_____/

## PLAINTIFF STATIC MEDIA LLC'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S INITIAL DISCLOSURES

Plaintiff Static Media LLC ("Static Media"), by and through its undersigned counsel, hereby files its response to Defendant OJCommerce, LLC's ("OJCommerce") Motion to Compel Plaintiff's Initial Disclosures [D.E. 36].  Static Media rests upon the arguments submitted in its Motion to Stay Discovery [D.E. 29] and Reply [D.E. 32] as to why it believes discovery should not proceed in this case until the Court resolves Static Media's Motion to Disqualify counsel for OJCommerce [D.E. 30].  However, in light of the Court's denial of Static Media's Motion to Stay [D.E. 39], Static Media will produce its initial disclosures on or before January 10, 2020.

However, Static Media opposes OJCommerce's demand that Static Media produce its trade secret and confidential documents with its Rule 26 initial disclosures.[1]  Rule 26 does not require

---

[1] It has already been found by another court that Shlomo Hecht, counsel for OJCommerce has already received the licensing agreement it now demands be produced.  (D.E. 41-1 at 3 ("[Counsel for Leader Accessories, LLC] then provided Hecht[, counsel for OJCommerce] with copies of the confidential deposition transcripts and the 2015 royalty agreement and payment information for Static Media's D400 patent.").)  Thus, OJCommerce is demanding production of documents of which it already has possession, even though its possession of those documents is unauthorized and in violation of a court order.  (*See generally* D.E. 30.)

1

the production of documents with the initial disclosures. *Ferguson v. Destefano*, No. 10-80385-CIV, 2011 WL 146716, at *4 (S.D. Fla. Jan. 18, 2011). As to documents relating to a party's claims or defense, only "description by category and location" is required to be disclosed. Fed. R. Civ. P 26(a)(1)(A)(ii). In relation to a computation of damages, the disclosing party must only disclose "a computation of each category of damages claimed by the disclosing party" and then make such documents that would support that computation available "for inspection and copying as under Rule 34 . . . **unless privileged or protected from disclosure** . . . ." Fed. R. Civ. P. 26(a)(1)(A)(iii) (emphasis added). "[A] duty to disclose is not synonymous with a duty to produce." *Forbes v. 21st Century Ins. Co.*, 258 F.R.D. 335, 337 (D. Ariz. 2009).

As discussed more in depth in briefing accompanying Static Media's Motion to Disqualify and OJCommerce's Motion to Seal, Static Media's licensing agreements and other documentation contain trade secrets and are confidential. Static Media is under no duty to produce a copy of its confidential and trade secret agreements or other documents with its initial disclosures, and the Court should not compel Static Media to produce documents with its initial disclosures, as such a production is not required by Rule 26.

Respectfully submitted,

By:     s/Susan V. Warner
Susan V. Warner
Florida Bar No. 38205
susan.warner@fisherbroyles.com
FISHERBROYLES, LLP
1221 Brickell Avenue
Suite 900
Miami, FL 33131
Tel: (786) 310-0637

Vincent Bushnell
*Admitted Pro Hac Vice*
vincent.bushnell@fisherbroyles.com
FISHERBROYLES, LLP

2

945 East Paces Ferry Road NE
Suite 2000
Atlanta, GA 30326
Tel.: (678) 902-7190

*Attorneys for Plaintiff Static Media LLC*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this  30th  day of December, 2019 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Susan V. Warner
Susan V. Warner

### SERVICE LIST
### STATIC MEDIA LLC  vs. OJCOMMERCE, LLC
### CASE NO: 0:19-cv-60270-RKA
### United States District Court, Southern District of Florida

Shlomo Y. Hecht
Shlomo Y. Hecht, P.A.
11651 Interchange Cir S
Miramar, FL 33025
Email: sam@hechtlawpa.com
*Attorneys for Defendant OJ COMMERCE, LLC*
Service via CM/ECF