UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

STATIC MEDIA LLC,             Case No.: 0:19-cv-60270-RKA
    Plaintiff
vs.
OJ COMMERCE, LLC,
    Defendant
_____  /

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL PLAINTIFF'S INITIAL DISCLOSURES**

Defendant OJ Commerce, LLC replies to Plaintiff Static Media, LLC opposition to Defendant's motion to compel [D.E. 42], with the following.

Plaintiff has taken a path throughout this entire litigation process to make up its own rules of civil procedure, and openly defy, violate, and completely disregard this Court's orders, and the rules of civil procure.  Such behavior is extremely prejudicial to Defendant, and can only be stopped by granting Defendant's motion to compel.

**I.    Plaintiff's response should be stricken as untimely**

On October 16, 2019, this Honorable Court issued an order, [D.E. 28], defining the procedure for discovery disputes, that parties "shall follow Magistrate Judge Hunt's standard discovery procedures." *Id.* at 4. Pursuant to Section D of Magistrate Judge Hunts standard discovery order, "The response [to a discovery motion] shall be filed on or before the fifth business day following the date the motion was filed."

Here, Defendant filed its motion to compel on December 16, 2019, [D.E. 36].  Pursuant to Magistrate Judge Hunt's standard discovery procedures, Plaintiff's response was due on December 23, 2019.  Instead, Plaintiff made up its own deadlines, and filed an untimely response

on December 30, 7 days late, without leave of court, and without providing any valid excuse.

This is not the first time Plaintiff openly defied this Court orders, Plaintiff refused to cooperate into selecting a mediator by November 6, 2019, [D.E. 28 at 1; D.E. 36 at 2], and Plaintiff unilaterally decided to stay discovery until January 10, when in fact it was due by October 24, 2019.

Plaintiff's entire response to Defendant's motion to compel must be stricken, because Plaintiff failed to file a timely response, failed to request leave of court for an extension, failed to notify counsel that it will file a late response, and provided no excuse for its neglect to file an untimely response. *See McDuffie v. Broward County, Florida*, 654 Fed. Appx. 408, 412 (11th Cir. 2016)("the district court did not abuse its discretion in striking [Plaintiff]'s response as untimely. [Plaintiff] does not dispute that her response ... was ... late and filed without leave of the court. The record also shows that [Plaintiff]'s counsel never requested an extension of time before filing the late response … or otherwise notified either the court or opposing counsel that she would be late. Furthermore, when she filed the response, [Plaintiff] did not assert that her late filing should be excused due to excusable neglect."); *Pollo Campestre, S.A. de C.V. v. Campero, Inc.*, 19-20001-CIV, 2019 WL 3752575, at *3 (S.D. Fla. Aug. 8, 2019)("We begin with the well-settled principle that deadlines are not meant to be aspirational and attorneys must take responsibility for the obligations to which they committed and get the work done by the deadline. Indeed, a district court must be able to exercise its managerial power to maintain control over its docket and, absent good cause for an extension, the Court's deadlines must be enforced to ensure fairness to all sides. As such, a Court's refusal to consider an untimely timely motion is not an abuse of discretion.")(internal quotation and citation omitted)(citing *Martinez v.*

*Palm Bay Police Dep't*, 2006 WL 1933812, at *1 (M.D. Fla. July 11, 2006) (striking plaintiff's response to defendants' motion for summary judgment where the response was filed three days late); *United Nat. Ins. Co. v. Owl's Nest of Pensacola Beach, Inc.*, 2006 WL 1653380, at *3 (N.D. Fla. June 8, 2006) (declining to consider plaintiff's response to defendant's summary judgment motion because the response was filed three days late "without [plaintiff] acknowledging the lateness of his filing or seeking leave of court to file out of time")).

## II.   Plaintiff failed to establish a trade secret privilege

Plaintiff's assertion that its royalty agreements are protected by a trade secret privilege must be rejected, because Plaintiff failed to meet its burden to establish such a privilege. Pursuant to Fed. R. Civ. P. 26(b)(5), a party asserting a privilege, must

> describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

"A privilege log must contain, *inter alia*, an index of the documents or materials withheld, as well as the author, recipient, subject matter, and an explanation as to why the document is privileged." *Merrill v. Dyck-O'Neal, Inc.*, 215CV232FTM38MRM, 2016 WL 7045625, at *4 (M.D. Fla. July 22, 2016). Failure to provide a timely privilege log constitutes a waiver as a matter of law. *Pensacola Firefighters' Relief Pension Fund Bd. of Trustees v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 265 F.R.D. 589, 592 (N.D. Fla. 2010) ("There is abundant district court case law, mostly unreported, holding that a party claiming privilege is obliged to produce a privilege log and its failure to do so means the privilege is waived")(collecting cases).

As an initial matter, Plaintiff's initial disclosures were due on October 24, 2019. Plaintiff's failure to provide a privilege log more than 2 months later constitutes a waiver of its privilege.

Additionally, a trade secret "means information, including a formula, pattern, compilation, program, device, method, technique, or process that." §688.002(4), Fla. Stat. "The burden is on the party resisting discovery to show that the information sought is a trade secret." *SCIGRIP, Inc. v. Engineered Bonding Sols., LLC*, 615CV653ORL22KRS, 2016 WL 11566647, at *2 (M.D. Fla. Aug. 19, 2016). Plaintiff claims its royalty agreement is a trade secret, yet failed to provide any proof that its agreement contains a "formula, pattern, compilation, program, device, method, technique, or process" to qualify it as a privilege. Plaintiff has simply failed to meet its burden to assert such a privilege.

### III. Plaintiff waived any privilege by failing to make timely objection

"As a general rule, a responding party's failure to make a timely and specific objection to a discovery request waives any objection based on privilege." *U.S. Fid. & Guar. Co. v. Liberty Surplus Ins. Corp.,* 630 F. Supp. 2d 1332, 1340 (M.D. Fla. 2007)

Here, In addition to Plaintiff's direct waiver by failing to provide a privilege log, Plaintiff has also waived any objection to its initial disclosures by failing to make timely objections. Plaintiff's initial disclosures were due on October 24, 2019, yet to date, Plaintiff has not provided any discovery, nor made any objections, thus as a general rule, it waived any objection based on privilege.

### IV. Plaintiff's reliance on the Wisconsin case is misplaced

Lastly, as a final attempt to justify its refusal to comply with the rules of discovery, Plaintiff cites to the Wisconsin case for a finding that the information sought is already available to Defendant's counsel, and therefore does not have to be produced. [D.E. 42 at 1 n. 1].

This argument must fail for multiple reasons. *First*, Defendant's counsel declared under oath that it did not receive Plaintiff's Belnick Inc royalty agreement. [D.E. 34-1 at 1 ¶ 3]. *Second*, even if Defendant's counsel were to receive such information as a consultant in the Wisconsin action, the Wisconsin protective order prevents such disclosure to Defendant. [D.E. 29-1]. Plaintiff is essentially proposing Defendant's counsel violate the Wisconsin protective order, rather than Plaintiff comply with the rules of discovery. Such a position is also paradoxic, as Plaintiff has filed multiple motions entirely based on the proposition that the information from the Wisconsin action may not be used for the case sub judice. *Lastly*, applying a Wisconsin ruling to this case would violate Defendant's constitutional due process right under the doctrine of nonparty preclusion. S*ee Richards v. Jefferson County, Ala.*, 517 U.S. 793 (1996).

WHEREFORE, Defendant respectfully requests this Court grant its motion to compel initial disclosures, including the computation for each category of damages, along with documents or other evidentiary material supporting each category of damages, including but not limited to its royalties agreement with Belnick, Inc, and its marketing and advertising costs.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 30, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully submitted,

        Shlomo Y. Hecht, P.A.
        3076 N Commerce Parkway
        Miramar, FL 33025
        Phone: 954-861-0025

        By: /s/ <u>Shlomo Y Hecht</u>
        Florida State Bar No.: 127144
        Email: sam@hechtlawpa.com
        Attorney for Defendant OJ COMMERCE, LLC