UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

STATIC MEDIA LLC,                            Case No.: 0:19-cv-60270-RKA
    Plaintiff
vs.
OJ COMMERCE, LLC,
    Defendant
_____ /

## DEFENDANT'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant OJ Commerce, LLC responds to Plaintiff Static Media LLC's notice of supplemental authority of an order issued on December 27, 2019 in *Static Media, LLC v. Leader Accessories, LLC*, No. 3:18-cv-00330-wmc (W.D. Wis. PACER No. 65) (the "Wisconsin Order"),[1] Plaintiff filed in support of its motion to disqualify Defendant's counsel. [D.E. 41].

## PRELIMINARY STATEMENT

Plaintiff's introduction of the Wisconsin Order, to support its motion to disqualify Defendant's counsel is improper because Defendant was a non-party to that action. This Court must limit the Wisconsin Order as it pertains to the Wisconsin parties only, which includes Plaintiff, and apply the doctrine of res judicata on the Wisconsin Order that already denied Plaintiff's relief sought against Defendant's counsel, and prevent Plaintiff from getting a second bite of the apple in this Court by relitigating the same issue twice.

**I.   The Wisconsin Order may not apply to Defendant or its counsel, because it was a nonparty in that action**

The rule is that "one is not bound by a judgment in personam in a litigation in which he is not designated as a party or to which he has not been made a party by service of process."

---

[1] Note, that a Fed. R. Civ. P. 72(a) objection was filed on January 3, 2020 to the Wisconsin Order, which is currently pending. [W.D. Wis. Pacer No. 66].

*Richards v. Jefferson Cty., Ala.*, 517 U.S. 793, 798 (1996). Although in *Taylor v. Sturgell*, 553 U.S. 880 (2008) the Supreme Court recognized certain exceptions to that rule, none of these exceptions apply in the present case, as the Eleventh Circuit has clarified that "[i]f identity or privity of parties cannot be established, then there is no need to examine the other [six] factors [established in *Taylor*]." *E.E.O.C. v. Pemco Aeroplex, Inc.*, 383 F.3d 1280, 1285 (11th Cir. 2004).

The Wisconsin Order was a judgment against Leader Accessories, LLC, not OJ Commerce, LLC nor its attorney. Furthermore, there is not even an allegation of identity or privity between the parties in the Wisconsin action and the present case. Therefore, applying the Wisconsin Order to the present case against Defendant, a non-party to that action, "runs up against the deep-rooted historic tradition that everyone should have his own day in court." *Taylor v. Sturgell*, 553 U.S. 880 (2008)(quoting *Richards*, 517 U.S. at 798).

## II. The Wisconsin Order prevents Plaintiff from relitigating the same issue twice

Plaintiff must be prevented from relitigating the same issue twice, by the doctrine of res judicata and issue preclusion. "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'. Claim preclusion forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. Issue preclusion, in contrast, bars successive litigation of an issue of fact or law is actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Seminole Tribe of Florida v. Biegalski*, 757 Fed. Appx. 851, 856 (11th Cir. 2018)(internal quotation and citation omitted).

Unlike Defendant, Plaintiff was a party at the Wisconsin action, and as such is subject to the Wisconsin Order, and is precluded from successively litigating an issue that was resolved in the Wisconsin action.

Plaintiff in the Wisconsin action, when it filed its reply in support for its motion for sanctions against the Wisconsin defendant Leader Accessories, LLC, Plaintiff included the following request for relief from the Wisconsin Court:

> For all of the foregoing reasons, the **Court should** grant Static Media's Motion for Sanctions and **impose appropriate sanctions on** Leader, its counsel and **OJCommerce's counsel** for their violations of the Protective Order.

*Static Media, LLC*, No. 3:18-cv-00330-wmc (PACER No. 64)(emphasis added).

Notably, the Wisconsin Order only granted sanctions against Leader, the Defendant in the Wisconsin action, but implicitly denied Plaintiff's request for sanctions against OJ Commerce's counsel. Thus, such request is barred by the doctrine of issue preclusion, as Plaintiff essentially attempts to relitigate twice the same issue against Defendant and its counsel.

**III.   Plaintiff was well aware of the Wisconsin action prior to its briefings**

To the extent this Court finds the Wisconsin Order applicable as it pertains to Defendant, Plaintiff's notice of supplemental authority must be stricken because it fails to meet the limited circumstances in which such notice may be provided. In *Girard v. Aztec RV Resort, Inc.*, 10-62298-CIV, 2011 WL 4345443, at *3 (S.D. Fla. Sept. 16, 2011), the court limiting its use as follows:

> supplements are authorized when the materials presented for consideration were not known (or could not have been known) to exist. Supplemental filings should not raise issues for the first time that could have, with reasonable diligence, been raised before, and without prior leave of court authorizing the filing of a supplemental brief

Here, Plaintiff first filed its motion in Wisconsin against on October 18, 2019, and thereafter a month later, on November 17, 2019, filed its motion to disqualify in the present case. Thus, at the time of its filing, Plaintiff was well aware that a Wisconsin Order was to follow, yet chose to file its motion regardless, in an attempt to get a double bite of the apple, and give itself an opportunity to relitigate the same issue twice.

Thus, the Wisconsin Order is not some unknown material that Plaintiff could not have been aware of with reasonable diligence prior to its briefing, to the contrary, Plaintiff instigated the Wisconsin Order with its own filings, and filed its brief in full anticipation of the Wisconsin Order. Applying the *Girard* standard, the Wisconsin Order does not meet the limited circumstances under which supplemental authority may be filed.

Additionally, the findings in the Wisconsin Order against defendant Leader Accessories, LLC are distinguishable from the present case, and therefore not applicable to Defendant OJ Commerce, LLC. Defendant in the Wisconsin action was the active supplier of discovery material that was subject to the Wisconsin court's protective order. Whereas Defendant in the present case was only a passive recipient of such material, and was not the violating party. This distinction was highlighted in Defendant's response, [D.E. 34 at 7], by citing to *JAWHBS, LLC v. Arevalo, 224 F. Supp. 3d 1296,* 1301 n. 4 (S.D. Fla. 2016) ("The Court will not read an additional, lower standard into Florida law that would permit disqualification based on receipt of a mere 'unauthorized' disclosure").

WHEREFORE, Defendant respectfully requests this Court not apply the factual findings of Wisconsin Order to the present case against Defendant, as it was a nonparty to that action, and find that Plaintiff's entire motion against Defendant's counsel is barred by the doctrine of res

judicata.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 6, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully submitted,

>Shlomo Y. Hecht, P.A.
>3076 N Commerce Parkway
>Miramar, FL 33025
>Phone: 954-861-0025
>
>By: /s/ Shlomo Y Hecht
>Florida State Bar No.: 127144
>Email: sam@hechtlawpa.com
>Attorney for Defendant OJ COMMERCE, LLC