IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 19-60270-CIV-ALTMAN/HUNT

STATIC MEDIA LLC,

        Plaintiff,

v.

OJCOMMERCE, LLC,

        Defendant.
_____/

# REPORT AND RECOMMENDATIONS

This cause is before the Court on Plaintiff's Motion for Attorneys' Fees and Costs. ECF No. 138.  The Honorable Roy K. Altman referred Plaintiff's request for attorneys' fees and costs to the undersigned for disposition.  ECF No. 141; *see also* 28 U.S.C. § 636(b); S.D. Fla. L.R., Mag. R. 1.  Upon thorough review of the record and Plaintiff's Motion, including the response, reply, and supplemental authority, the undersigned respectfully RECOMMENDS that Plaintiff's Motion be GRANTED IN PART and DENIED IN PART as set forth below.

## BACKGROUND

This case concerns claims brought under the Lanham Act, 15 U.S.C. § 1051 et seq., regarding an alleged trademark violation by Defendant.  In its complaint, Plaintiff alleged Defendant improperly manufactured and sold stadium chairs that violated Plaintiff's trademark. Over the course of the litigation, Defendant's counsel was sanctioned for improperly using confidential information.  Ultimately, the parties entered into a consent judgement after significant motion practice but before the Court weighed in on the merits of Plaintiff's claims. The District Court, acknowledging the Parties'

settlement, closed the case while leaving open both the sanction amount as well as the issue of attorneys' fees under 35 U.S.C. § 285.   Plaintiff now seeks $158,250.43 in attorneys' fees, as well as $765.25 in costs.

## ANALYSIS

I.  <u>Fees under the Lanham Act</u>

Contrary to the so-called "American Rule" under which parties are generally expected to bear their own cost of litigation, the Lanham Act allows that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C.A. § 1117(a).  In *Octane Fitness, LLC v. ICON Health & Fitness, Inc.,* the United States Supreme Court held  "that an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." 572 U.S. 545, 554 (2014).[1]  Courts have fairly broad discretion in finding what makes an "exceptional case."  Courts are instructed to consider the "totality of the circumstances," and, "[a]s in the comparable context of the Copyright Act, '[t]here is no precise rule or formula for making these determinations,' but instead equitable discretion should be exercised 'in light of the considerations we have identified.'" *Id.* (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994)).

Again citing the Copyright Act, the Court in *Octane Fitness* noted that "courts could consider a 'nonexclusive' list of 'factors,' including 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need

---

[1] Although the *Octane Fitness* case concerned a case brought under the Patent Act, the standard it articulated has been found to also apply to Lanham Act cases. *Tobinick v. Novella*, 884 F.3d 1110, 1113 (11th Cir. 2018).

in particular circumstances to advance considerations of compensation and deterrence.'" *Id.* at n.6 (quoting *Fogerty,* 510 U.S. at 534). Movants have the burden of demonstrating the exceptionality of their case by the preponderance of evidence. *Peschke Map Techs. LLC v. Miromar Dev. Corp.*, No. 215CV173FTM38MRM, 2017 WL 991481, at *2 (M.D. Fla. Mar. 15, 2017) (citing *Octane Fitness*, 572 U.S. at 557).

As an initial matter, it is undisputed that Plaintiff qualifies as a prevailing party for purposes of a fee award. The undersigned therefore turns to the alleged exceptional nature of the litigation. Plaintiff makes several arguments as to why it should be awarded fees under the Lanham Act. First, it argues that Defendant's defenses were substantively weak and that Defendant willfully infringed Plaintiff's patent. Second, it argues that Defendant litigated this case in an unreasonable manner. Each argument is addressed below.

1) The Weakness of Defendant's Defenses and Alleged Willful Infringement

Plaintiff acknowledges that this case settled before the Court could weigh in on the strength or weakness of Defendant's purported defenses. However, Plaintiff argues that several factors are nonetheless indicative of Defendant's weak position. First, Plaintiff argues that a Wisconsin court held that Plaintiff's patent is valid and enforceable, which Plaintiff contends substantially weakens Defendant's invalidity argument. Plaintiff further argues that the similarities between Plaintiff's and Defendant's products are self-evident, that Defendant knowingly continued to infringe on Plaintiff's patent in the face of a cease-and-desist demand, and that Defendant failed to do the bare minimum of due diligence that would have proven the truth of Plaintiff's claims.

Defendant counters that its defense hinged largely on its belief that its product was designed prior to Plaintiff's patent being filed, and that Plaintiff has produced no evidence that Defendant knew of Plaintiff's patent until Defendant's product was already designed, manufactured, and sold. Defendant also argues that it stopped sales of its product shortly after receiving Plaintiff's cease-and-desist letter, and it challenges Plaintiff's assertion that the patent was previously found "valid and enforceable," as Plaintiff contends. Defendant further attempts to relitigate its defenses by pointing out alleged differences between its product and Plaintiff's product.

The undersigned first notes that although Plaintiff's patent may indeed be valid and enforceable, that does not necessarily mean that Defendant's contention that its product did not violate that patent was frivolous. Plaintiff appears to argue that the validity of Plaintiff's position should have been self-evident, and anything less than complete capitulation upon notice is evidence of willful infringement. Defendant, on the other hand, argues that it in good faith believed there were valid differences between its product and Plaintiff's product, and notes that it took steps following the demand, which included withdrawing its product from major websites, to mitigate any potential harm.

Plaintiff is particularly concerned with Defendant's assertion that Plaintiff's patent was invalid in light of a ruling in a Wisconsin case, *Static Media LLC v. Leader Assocs. LLC*, 395 F. Supp. 3d 982, 993 (W.D. Wis. 2019). Plaintiff contends that the ruling in that case held Plaintiff's patent to be valid and enforceable, and that Defendant "cannot" challenge that ruling. ECF No. 138 at 11. However, although the Wisconsin opinion does deny the Wisconsin defendant's invalidity argument, which was based on indefiniteness, such a ruling does not foreclose all arguments against Plaintiff's patent. Defendant raises

multiple arguments against the validity of the patent,[2] several of which were not considered in the Wisconsin case. Therefore, it is not *de facto* improper for Defendant to raise invalidity as a defense, even in light of the Wisconsin ruling.

This Court is reticent to punish a party with an award of significant fees for simply putting forth defenses to a complaint. As Plaintiff points out, the Parties in this case ultimately entered into a consent judgment acknowledging that Defendant's product infringed on Plaintiff's patent. However, that admission does not render Defendant's earlier arguments, which extend beyond invalidity, improper. Plaintiff notes that in a situation such as this, where the claims were resolved prior to a court's evaluation, this Court must "look[] to other evidence to assess the substantive strength" of Defendant's claims. ECF No. 138 at 11 (quoting *Shipping & Transit, LLC v. 1A Auto, Inc.*, 283 F. Supp 3d 1290, 1297 (S.D. Fla. 2017)). On the evidence before this Court, it does not find that Defendant's defenses, while perhaps unlikely to win the day, were frivolous, the product of improper motivation, or objectively unreasonable. Accordingly, the undersigned would not award Plaintiff fees under this theory.

Further, this Court does not find that Defendant's actions during the litigation indicate willful infringement. As explained above, this Court finds that Defendant had a slate of defenses that, if not ultimately successful, were at least offered in good faith. This Court also does not find Defendant's precautionary measures unreasonable, particularly given its belief at the time that it nonetheless had a right to sell the products.

---

[2] Defendant's stated defense is that "The claimed design patent is invalid or unenforceable because it fails to comply with some of the requirements of 35 U.S.C. §§ 101,102, 103 and 112, due to novelty, prior art, obviousness, functionality, and indefiniteness, and other filing requirements." ECF No. 25 at 2.

In short, considering the totality of circumstances, the undersigned sees nothing under this point that would render this case "exceptional" for the purposes of the Lanham Act, and therefore would deny Plaintiff's claim as it pertains to this argument.

2) <u>Unreasonable Litigation</u>

Regarding the unreasonableness of the litigation, Plaintiff bases much of its argument on Defendant's wrongful use of protected information from another case. Following a hearing on the issues, this Court agreed with Plaintiff that some form of sanction was appropriate for Defendant's counsel's behavior.  Defendant's counsel initially requested that he be disqualified from the case in lieu of monetary sanctions, but later thought better of his decision.  The District Court ultimately agreed that a monetary sanction was the proper remedy.  ECF No. 109 at 1.  To date, the Parties have not agreed on the proper amount for said sanction.

Plaintiff further argues that Defendant continually stonewalled the litigation process, thus rendering Plaintiff's requested fees necessary.  Defendant, in contrast, argues that Plaintiff was a significant contributor to the lengthy litigation, and points to the District Court's statement that Plaintiff appeared to be stonewalling settlement by "throwing out obstacles and more and more things that you want after [Defendant] agreed to things that you've asked for."  ECF No. 118 at 11:15-17

The undersigned has the benefit of some experience on this point, having heard arguments from the Parties on several occasions throughout the litigation. The undersigned agrees with the District Court's assessment but does not find that the fault lies solely with Plaintiff.  Instead, both Parties have required the Court's intervention on issues where such intervention was likely unnecessary.  Indeed, it would be difficult to

6

determine in these circumstances to whom to give such an award so as to best advance considerations of compensation and deterrence. Given this, the undersigned would award fees only as part of the sanction previously awarded by the District Court.

3) Sanction

Plaintiff seeks $27,731.49 in fees and costs relating to its Motion to Disqualify. This Court uses the lodestar method to calculate reasonable attorneys' fees, multiplying a reasonable hourly rate by the number of hours reasonably expended. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). A reasonable hourly rate for attorneys' fees is determined by evaluating "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)); *see also ACLU v. Barnes*, 168 F.3d 423, 438 (11th Cir. 1999) ("The significant disparity in their experience should be reflected in the rates awarded."); *Brown v. Sch. Bd. of Broward Cnty.*, No. 08–61592–CIV–DIMITROULEAS/SNOW, 2010 WL 3282584, at *3 (S.D. Fla. June 30, 2010) (reducing requested hourly rate of six-year attorney from $300 to $250). The movant bears the burden of proving that the requested rate is consistent with prevailing market rates. *Norman*, 836 F.2d at 1299, 1303. In addition to evidence presented by the movant, "[a] court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)) (internal quotation marks omitted). Thus, even when the submitted evidence is deficient, a court has the

power to make a fee award without the need of further pleadings or an evidentiary hearing.[3]  *Id.*

### A. Reasonable Hourly Rate

In determining the reasonableness of counsel's hourly rate and the number of hours expended, the court considers the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F. 2d 714 (5th Cir. 1974).  *Bivins v. Wrap It Up, Inc.*, 548 F. 3d 1348, 1350 (11th Cir. 2008).  These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 1350 n. 2 (citation omitted).

"The reasonable hourly rate is defined as the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Meyrowitz v. Brendel*, No. 16-81793-CIV-MARRA, 2018 WL 4440492, at *3 (S.D. Fla. Sept. 17, 2018) (internal quotations omitted).  "The fee applicant

---

[3] The undersigned concludes that an evidentiary hearing is not necessary.  A hearing on a fee petition is required only where one is requested, where facts are in dispute, and where the record is not sufficiently clear to allow the trial court to resolve those disputes. *Norman*, 836 F.2d at 1303-04.  Moreover, "[a]n evidentiary hearing is unnecessary for issues about which the district court possesses sufficient expertise: 'Such matters might include the reasonableness of the fee, the reasonableness of the hours, and [the] significance of the outcome.'" *Thompson v. Pharmacy Corp. of Am.*, 334 F.3d 1242, 1245 (11th Cir. 2003) (quoting *Norman*, 826 F.2d at 1309).  The primary issues here are the reasonableness of counsel's hourly rate and the reasonableness of the number of hours expended, matters over which this Court possesses sufficient expertise.  Furthermore, the written record here is of sufficient clarity to permit this Court to resolve any issues of fact that may exist.

8

bears the burden of establishing the claimed market rate," but "the Court may [also] use its own experience in assessing the reasonableness of attorneys' fees." *Id.* (citing *Norman*, 836 F. 2d at 1299; *Touzout v. Am. Best Car Rental KF Corp.*, No. 15-61767-CIV-MATTHEWMAN, 2017 WL 2541225, at *1 (S.D. Fla. June 12, 2017)).

Vincent Bushnell, who has been practicing since 2002, asks for a rate of $365 per hour based on his extensive litigation experience and prevailing rates, while Susan Warner, who has been practicing since 2006, requests a rate of $350 for some items and $365 for others, also citing her litigation experience and prevailing rates. ECF No. 138-4. It is unclear why there is a discrepancy in Warner's rates. Given that these rates are unopposed, the undersigned finds Bushnell's rate appropriate. However, as there is no explanation as to why Warner's rates differ, the undersigned recommends only the lower rate be awarded.

### B. Hours Reasonably Expended

Upon determination of the hourly rate, a court must determine the reasonableness of the hours expended in the litigation. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). Inquiry into the reasonable number of hours focuses on the exercise of "billing judgment," which requires the exclusion of hours "that would be unreasonable to bill a client, and therefore to one's adversary irrespective of the skill, reputation, or experience of counsel." *Barnes*, 168 F.3d at 428 (emphasis omitted) (quoting *Norman*, 836 F.2d at 1301) (internal quotation marks omitted). Hours that were not "reasonably expended" or are determined to be "excessive, redundant, or otherwise unnecessary" should be excluded from the fee calculation. *Hensley*, 461 U.S. at 434.

Warner claims a total of 52 hours for her work filing and arguing the Motion for Disqualification.  Bushnell claims a total of 25.4 hours, for a total of 77.4 hours claimed relating to Plaintiff's initial Motion to Disqualify. In that 77.4 hours, Plaintiff filed the initial Motion to Disqualify, ECF No. 30, the Reply to Defendant's Response, ECF No. 35, a Response to Defendant's Motion to Seal, ECF No. 37, and a Notice of supplemental authority, as well as argued the Motion.  The undersigned finds that spending almost two full weeks on a Motion that, ultimately, was only partially successful is indicative of Plaintiff's failure to adequately exercise proper billing judgment.  Certainly, any party billed for such hours could rightfully question the amount.  Further, the undersigned observes that the issue, like many others in this case, may have been somewhat overheated, thus lengthening the litigation unnecessarily.

Although the Eleventh Circuit does not appear to have decided the issue, the undersigned notes that other circuits have found outrageously excessive time entries and failure to adequately exercise billing judgment justifies a total rejection of a fee request. *See, e.g., Envtl. Def. Fund, Inc. v. Reilly,* 1 F.3d 1254, 1260 (D.C. Cir. 1993), *as supplemented* (Sept. 10, 1993).  The undersigned does not, however, feel that Plaintiff's counsel should be completely denied fees for the Motion.  Instead, this Court, having considered the *Johnson* factors outlined above, and factoring in this Court's own knowledge and experience, finds that an 80 percent across-the-board reduction is justified. *Bivins v. Wrap It Up, Inc.*, 380 F. App'x 888, 891 (11th Cir. 2010) (finding an 85 percent across-the-board reduction was not an abuse of discretion).  Accordingly, Warner will be awarded fees for 10.4 hours, while Bushnell will be awarded for 5.1 hours of work.

### C.     *Lodestar Amount and Adjustment*

"There is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee."  *Perdue v. Kenny A.*, 559 U.S. 542, 553 (2010).  The Supreme Court has specifically identified three circumstances that may justify a deviation from the lodestar amount: (1) "where the method used in determining the hourly rate employed in the lodestar calculation does not adequately measure the attorney's true market value, as demonstrated in part during the litigation"; (2) "if the attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted"; and  (3) when there are "extraordinary circumstances in which an attorney's performance involves exceptional delay in the payment of fees."  *Id.* at 554–56.

The undersigned finds no reason to depart from the lodestar calculation in this case.  Therefore, multiplying Plaintiff's attorneys' reasonable number of hours expended by their respective hourly rates yields a recommended lodestar amount of $3,640 for Susan Warner and $1,861.50 for Vincent Bushnell, for a total fee award of $5,501.50.

4) <u>Costs</u>

According to its Bill of Costs, Plaintiff seeks $765.25 in costs pursuant to Fed. R. Civ. P. 54 and 28 U.S.C. § 1920. ECF No. 138-6, *see also* S. D. Fla. 7.3(c). These costs include fees paid to the Clerk of Court as well as fees paid for transcripts necessarily obtained for use in this case.  Defendant objects to Plaintiff's request on timeliness grounds, but Plaintiff correctly responds that its request was filed according to the Court's deadlines.   The items properly requested and presented in the Bill of Costs are

compensable, and the undersigned recommends that Plaintiff's request for such costs be granted.[4]

## RECOMMENDATION

Based on the foregoing, the undersigned RECOMMENDS Plaintiff's Motion for Attorneys' Fees and Costs, ECF No. 138, be GRANTED IN PART and DENIED IN PART. The Motion should be granted to the extent that Plaintiff be awarded $5,501.50 in attorneys' fees as sanction for the conduct of Defendant's counsel, as well as $765.25 in costs. The Motion should otherwise be denied.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 19th day of January 2021.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable Roy K. Altman
All Counsel of Record

---

[4] It is unclear if Plaintiff requests the additional costs mentioned in its Reply, ECF No. 140 at 10. However, even if the additional costs are requested, they do not appear to have been properly presented according to the Local Rules and should not be awarded. *See* S.D. Fla. 7.3, *see also Cortez v. F.CI Sec.*, No. 11-60494-CIV-COHN, 2012 WL 414578, at *1 n.2 (S.D. Fla. Feb. 8, 2012).